

RECEIVED

NOV 1 3 2007
11-13-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ADONAY LARA,
       *Plaintiff,*

    vs.

ALLIED INTERSTATE, Inc.,
Unknown Defendants,
       *Defendanst.*

07CV6423
JUDGE LINDBERG
MAG.JUDGE BROWN

**JURY TRIAL DEMANDED**

## COMPLAINT

1.    NOW COMES, the plaintiff, ADONAY LARA, (henceforth "Plaintiff") brings this action against defendant, ALLIED INTERSTATE, Inc., (henceforth "ALLIED " or "Defendant"), for improper collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("F.D.C.P.A.") and related supplementary state claims (pursuant to the §9 of the Collection Agency Act (225 ILCS 425/9), and common law). For the reasons and allegations stated herein Plaintiff states as follows:

## JURISDICTION & VENUE

2.    The jurisdiction of the Court is invoked as authorized under the F.D.C.P.A., 15 U.S.C. § 1692k.(d) and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction (related or ancillary state law claims) of this action pursuant to under 28 U.S.C. §1367(a). Venue is proper in this District under 28 U.S.C. § 1391(b) (1),(2). All parties reside in the same State and/or all the acts, events and/or omissions giving rise to the claims asserted herein occurred within the Northern District of Illinois.

## PARTIES

3.    Plaintiff, ADONAY LARA, is and was at all relevant times hereto, a citizen of the United States, a resident of Cook County, Illinois, and a *"consumer"* within the meaning of the F.D.C.P.A., 15 U.S.C. § 1692a(3) and Collection Agency Act (225 ILCS 425/et. esq.) Plaintiff's mailing address is 211 S. Clark Street, P.O. Box 1621, Chicago Illinois, 60690.

4.    At all relevant times hereto, Defendant's *registered agent* in the State of Illinois, is the following corporation: *C T Corporation System*, located at 208 South LaSalle Street, suit 814, in Chicago, Illinois 60604.

5.    At all relevant times hereto, defendant, ALLIED INTERSTATE, Inc., (henceforth "ALLIED " or "Defendant") is a business corporation or entity that engaged in the collection agency business with its principal place of business (Corporate Office), located at 12100 N.E. 195th St. Suite #325, Bothell, Washington 98011. Further, ALLIED acts as a "debt collector", as defined in F.D.C.P.A., 15 U.S.C. § 1692a.(6), because it regularly uses the mails and other interstate commerce to collect, or attempt to collect, consumer debts in the Northern District of Illinois.

**6.**    Further, ALLIED is licensed as a *Collection Agency* under the Illinois Collection Agency Act (225 ILCS 425/ et. esq.), that for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt. Further, the *Division of Professional Regulation* (henceforth "Department"), is the regulatory body for Collection Agencies in Illinois, and according to the Department's records, it has assigned ALLIED the following *Collection Agency* license number: 170-20856, since about 7-27-05 and the same license appears to be renewed until on 5-31-09.

## FACTS UPON WHICH CLAIMS ARE BASED

**7.**    The private causes of action further illustrated in the pertinent *Counts* herein, arise mainly from the unlawful collection practices, and *extreme* and *outrageous* conduct (see ¶10, through ¶20), engaged in, by Defendants (and its corresponding employees and agents) against Plaintiff, with malicious or willful intent to injure Plaintiff.

**8.**    At all times relevant hereto, Plaintiff *never* authorized and/or gave any consent to, ALLIED , and/or its employees, agents, to engage in ANY collection communication with Plaintiff in reference to any debt.

**9.**    At all times relevant hereto, from about October of 2001 through about November of 2006, Plaintiff repeatedly *notified* ALLIED and its employees in writing and orally:
(a) that Plaintiff (consumer) wishes the debt collector (ALLIED) to immediately cease any further communication with Plaintiff;
(b) that the collectors were calling Plaintiff at work and/or at his business telephone line, and such communication was prohibited by Plaintiff's employer [that Plaintiff's employer has a "corporate policy" strictly prohibit all of its employees or agents including Plaintiff, from receiving any personal collection communication at the business telephone line (312-719-108)];
(c) that the time and place were ALLIED communicated with Plaintiff, was inconvenient to Plaintiff;
(d) that the collectors are materially interred with Plaintiff's employment and causing him to suffer *extreme* and *severe* emotional distress mental anguish, etc.;
(e) that Plaintiff in exercise of his *fundamental* rights to privacy, explicitly "consents" to NO communication with Plaintiff in connection with the collection of any debt;
(f) that Plaintiff ordered ALLIED and its representatives to *immediately* CEASE and DESIST from either calling Plaintiff's business telephone line or otherwise engaging in any communication with Plaintiff in connection with the collection of any debt;
(g) that ALLIED and its representatives' conduct not only violated § 9 of the Illinois Collection Agency Act (225 ILCS 425/ et. esq.), but also other state and federal laws, etc.

**10.**    From about October of 2001 through December of 2006, ALLIED and its representatives or *Collection-Agents,* while acting within the scope of their employment with ALLIED , attempted to collect on a debt from Plaintiff (alleged debtor). ALLIED with full knowledge that or reasons to know that its conduct was unlawful, continued to individually or collectively, engaged in the following (*extreme* and *outrageous*) conduct against Plaintiff:

   a)  Engaged in challenged conduct as to constitute harassment of Plaintiff.

b) Communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector.

c) Communicated with Plaintiff in connection with the collection of a debt at a time or place which was known or should be known to be inconvenient to Plaintiff.

d) Engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff.

e) Failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector was engaging in debt collections and which he or she was legally authorized to use.

f) Misrepresented the amount of the claim or debts alleged to be owed by Plaintiff.

g) Communicated or threatened to communicate with Plaintiff when the debt collector was informed by Plaintiff to cease and desist from such challenged conduct.

h) The collector communicated with Plaintiff when Plaintiff gave NO consent to do so.

i) Engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff.

**11.**    More in particular, on 11-10-06, at about 1:58 p.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line.  Further, ALLIED, during the telephone communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED);  (b) communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;  (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;  (d) ALLIED failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector (ALLIED) was engaging in debt collections and which it was legally authorized to use;  (e) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

**12.**    On 11-10-06, at about 2:20 p.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line.  Further, ALLIED, during the telephone communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED);  (b) communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;  (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;  (d) ALLIED failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector (ALLIED) was engaging in

3

debt collections and which it was legally authorized to use; (e) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

13.    On Saturday, 11-11-06, at about 8:11 a.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line. Further, ALLIED, during the telephone communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED); (b) communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff; (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff; (d) ALLIED failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector (ALLIED) was engaging in debt collections and which it was legally authorized to use; (e) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

14.    On 11-16-06, at about 8:05 a.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line. Further, ALLIED, during the telephone communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED); (b) communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff; (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff; (d) ALLIED failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector (ALLIED) was engaging in debt collections and which it was legally authorized to use; (e) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

15.    On 11-19-06, at about 3:01 p.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line. Further, ALLIED, during the telephone communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED); (b) communicated with Plaintiff in connection with the

4

collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff; (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff; (d) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

16.     On 11-20-06, at about 3:20 p.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line the prior consent of Plaintiff given directly to the debt collector (ALLIED); attempted to communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff; engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff; engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

17.     On 11-22-06, at about 10:05 a.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line. Further, ALLIED, during the telephone communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED); (b) communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff; (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff; (d) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

18.     On 12-18-06, at about 11:00 a.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line. Further, ALLIED, during the telephone communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED); (b) communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff; (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff; (d) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

19.     On 12-20-06, at about 8:43 a.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line. Further, ALLIED, during the telephone

communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED); (b) communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff; (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff; (d) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

20.    On 12-22-06, at about 2:13 p.m. ALLIED through its Auto-Collection caused a telephone called to contact Plaintiff at his business telephone line. Further, ALLIED, during the telephone communication through the Auto-Collection (ALLIED's prerecorded message): (a) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (ALLIED); (b) communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff; (c) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff; (d) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

21.    At all time relevant hereto, Plaintiff has suffered *extreme* and *severe* personal (emotional, and physical) injury damages, such as: (a) emotional distress; (b) mental anguish; (c) stress; (d) anger; (e) embarrassment; (f) shame; (g) fright; (h) worry; (i) nausea; (j) insomnia or inability to attain *sleep*; (i) physical stress; (k) loss of concentration; (l) loss of mental peace, quiet, and tranquility, etc. (henceforth *"personal injury damages"*). Further, Plaintiff has also suffered economic damages, such as: (a) interruption or interference with Plaintiff's employment; (b) interruption or interference with Plaintiff's business, academic and social opportunities; (c) loss Plaintiff's valuable time; etc. (henceforth *"economic damages"*).

22.    As described in more detailed above, at all time relevant hereto, the proximate cause of Plaintiff aforesaid suffering *personal injury damages* and *economic damages* (see ¶21) is the Defendant's aforesaid *extreme* and *outrageous* conduct against Plaintiff, Defendant's willful or malevolent or oppressive intent to injure Plaintiff.

## COUNT I
## (F.D.C.P.A. 15 U.S.C. § 1692c., § 1692d. IMPROPER COLLECTION PRACTICES)

23.    Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 1 through 22, as if fully set forth herein.

**24.**    From about 11-10-06 through 12-22-06, ALLIED through its employees, engaged in conduct that has been made unlawful under § 1692c.(a), (a)(1), (a)(3), (a)(3)(c) and § 1692d.(5), (6), of the F.D.C.P.A. (15 U.S.C. § 1692c.(a) and § 1692d.(5), (6)) or that violates these sections of the F.D.C.P.A.

**25.**    From about 11-10-06 through 12-22-06, ALLIED through its employees, engaged in conduct that has been made unlawful under § 1692c.(a) (a)(1), (a)(3), (a)(3)(c), and § 1692d.(5), (6), of the F.D.C.P.A. (15 U.S.C. § 1692c. and § 1692d.) or that violates these sections of the F.D.C.P.A..

26.    For this Courts convenience, Plaintiff has transcribed verbatim, 15 U.S.C. § 1692c.(a),(3), of the F.D.C.P.A., in pertinent part, as follows:

"(a) Communication with the consumer generally
**Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt—**
\*\*\*
(3) **at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication. "**

27.    For this Courts convenience, Plaintiff has transcribed verbatim, 15 U.S.C. § 1692d.(5),(6), of the F.D.C.P.A., in pertinent part, as follows:

**"A debt collector may not engage in any conduct the natural consequence of which is to harass,** oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
\*\*\*
(5) **Causing a telephone to ring** or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.
(6) Except as provided in section 1692b of this title, **the placement of telephone calls without meaningful disclosure of the caller's identity. "**

**28.**    From about 11-10-06 through 12-22-06, ALLIED through its employees, engaged in conduct that violated § 1692g.(a), and § 1692d.(5), (6), of the F.D.C.P.A. (15 U.S.C. § 1692g(a) . and § 1692d.).

29.    ALLIED  and its employees knew or should have known, they are PROHIBITED by law from engaging in any of the acts prohibited by 15 U.S.C. § 1692, et seq. of the F.D.C.P.A., as each of which is unlawful practice.

**30.**    ALLIED is liable to Plaintiff in any action brought under this subchapter because the violations were intentional or made in reckless disregard to the law and the rights of Plaintiff and did not resulted from a bona fide error. Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 11 through 20, as if fully set forth herein.

31.    As proximate cause of ALLIED and its employees, aforesaid unlawful collection practices or acts, the unlawful conduct, the extreme and outrageous conduct against Plaintiff, Plaintiff has suffered both extreme and severe *personal injury damages*, and also suffered *economic damages*. (See ¶21 and ¶22).

32.    WHEREFORE, Plaintiff, ADONAY LARA moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTATE, Inc., for:
   (1) A declaration or finding, that the Defendant engaged in "unlawful practices" in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq;
   (2) Compensatory economic damages in excess of $ 9,000 and/or in the amount later to be determined by the Jury;
   (3) Compensatory personal injury damages in excess of $ 27,000 and/or in the amount later to be determined by the Jury;
   (4) Plaintiff reserves his right to petition for punitive damages as allowed by law;
   (5) Statutory damages, litigation expenses, cost of suit, and reasonable attorneys' fees as provided under the F.D.C.P.A., 15 U.S.C., § 1692k(a);
   (6) Such other or further relief to Plaintiff as this Court may deem just and equitable.

## COUNT II
### (F.D.C.P.A. 15 U.S.C. § 1692e., § 1692d. IMPROPER COLLECTION PRACTICES)
33.    Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 1 through 32, as if fully set forth herein.

**34.**    On 11-10-06, 11-11-06, 11-16-06, ALLIED through its employees, engaged in conduct that has been made unlawful under § 1692e.(11) and (14), of the F.D.C.P.A. (15 U.S.C. § 1692c(e)(11)(14)) or that violates these sections of the F.D.C.P.A..

35.    For this Courts convenience, Plaintiff has transcribed verbatim, 15 U.S.C. § 1692e.(11),(14), of the F.D.C.P.A., in pertinent part, as follows:
> "(e) A debt collector may not use any false, deceptive, or misleading rALLIED esentation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> ***
> **"(11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action. "**

8

***

**"(14) The use any business, company, or organization name other than the true name of debt collector's business, company, or organization. "**

**36.**    On 11-10-06, 11-11-06, 11-16-06, ALLIED  through its employees, engaged in conduct that violated § 1692e. and § 1692d., of the F.D.C.P.A. (15 U.S.C. § 1692e.(11),(14) and § 1692d.).

37.    ALLIED  and its employees knew or should have known, they are PROHIBITED by law from engaging in any of the acts prohibited by 15 U.S.C. § 1692, et seq. of the F.D.C.P.A., as each of which is unlawful practice.

**38.**    ALLIED is liable to Plaintiff in any action brought under this subchapter because the violations were intentional or made in reckless disregard to the law and the rights of Plaintiff and did not resulted from a bona fide error.  Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 11 through 14, as if fully set forth herein.

39.    As proximate cause of ALLIED and its employees, aforesaid unlawful collection practices or acts, the unlawful conduct, the extreme and outrageous conduct against Plaintiff, Plaintiff has suffered both extreme and severe *personal injury damages*, and also suffered *economic damages*. (See ¶20 and ¶21).

40.    WHEREFORE, Plaintiff, ADONAY LARA moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTATE, Inc., for:
   (1) A declaration or finding, that the Defendant engaged in "unlawful practices" in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq;
   (2) Compensatory economic damages in excess of $ 3,000 and/or in the amount later to be determined by the Jury;
   (3) Compensatory personal injury damages in excess of $ 9,000 and/or in the amount later to be determined by the Jury;
   (4) Plaintiff reserves his right to petition for punitive damages as allowed by law;
   (5) Statutory damages, litigation expenses, cost of suit, and reasonable attorneys' fees as provided under the F.D.C.P.A., 15 U.S.C., § 1692k(a);
   (6) Such other or further relief to Plaintiff as this Court may deem just and equitable.

## COUNT III
### (F.D.C.P.A. 15 U.S.C. § 1692g. IMPROPER COLLECTION PRACTICES)

41.    Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 1 through 40, as if fully set forth herein.

**42.**    From about 11-10-06 through 12-22-06, ALLIED through its employees, engaged in conduct that has been made unlawful under § 1692g.(a),(1) through (5), of the F.D.C.P.A. (15 U.S.C. § 1692g.(a),(1)-(5)) or that violates these sections of the F.D.C.P.A..

43.    For this Courts convenience, Plaintiff has transcribed verbatim, 15 U.S.C. § 1692g.(a),(1)-(5), of the F.D.C.P.A., in pertinent part, as follows:
        "(a) Notice of debt; contents

Within five days after the initial communication with a consumer in connection with the collection of any debt, a **debt collector shall**, unless the following information is contained in the initial communication or the consumer has paid the debt, **send the consumer a written notice containing—**

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

**44.**    From about 11-10-06 through 12-22-06, ALLIED through its employees, engaged in conduct that violated § 1692g.(a), of the F.D.C.P.A. (15 U.S.C. § 1692g (a)(1)-(5)).

45.    ALLIED and its employees knew or should have known, they are PROHIBITED by law from engaging in any of the acts prohibited by 15 U.S.C. § 1692, et seq. of the F.D.C.P.A., as each of which is unlawful practice.

**46.**    ALLIED is liable to Plaintiff in any action brought under this subchapter because the violations were intentional or made in reckless disregard to the law and the rights of Plaintiff and did not resulted from a bona fide error.  Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 11 through 20, as if fully set forth herein.

47.    As proximate cause of ALLIED and its employees, aforesaid unlawful collection practices or acts, the unlawful conduct, the extreme and outrageous conduct against Plaintiff, Plaintiff has suffered both extreme and severe *personal injury damages*, and also suffered *economic damages*. (See ¶20 and ¶21).

48.    WHEREFORE, Plaintiff, ADONAY LARA moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTATE, Inc., for:

(1) A declaration or finding, that the Defendant engaged in "unlawful practices" in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq;

(2) Compensatory economic damages in excess of $ 9,000 and/or in the amount later to be determined by the Jury;

(3) Compensatory personal injury damages in excess of $ 27,000 and/or in the amount later to be determined by the Jury;

(4) Plaintiff reserves his right to petition for punitive damages as allowed by law;

(5) Statutory damages, litigation expenses, cost of suit, and reasonable attorneys' fees as provided under the F.D.C.P.A., 15 U.S.C., § 1692k(a);

(6) Such other or further relief to Plaintiff as this Court may deem just and equitable.

## COUNT IV
### (Supplemental – Collection Agency Act)

49.     Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 1 through 45, as if fully set forth herein.

50.     As described in more detail below, pursuant to: (a) § 9 of the Collection Agency Act, (225 ILCS 425/9); (b) the decision or controlling precedent in *Sherman v. Field Clinic*, 74 Ill.App.3d 21, 30, (1st Dist. 1979) (finding an imply private cause of action in § 9 of the Collection Agency Act, (225 ILCS 425/9)); (c) the decision in *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill.2d 379, 432 N.E.2d 849 (Ill. 1982) (favorably cited to *Sherman*, etc.)  Plaintiff brings this private cause of action against ALLIED  for engaging in conduct or collection practices which has been made unlawful under § 9 of the Collection Agency Act, (225 ILCS 425/9).

51.     The Appellate Courts, in *Sherman v. Field Clinic*, 74 Ill.App.3d 21, 30, 392 N.E.2d 154 (1st Dist. 1979), has held: **"that a private right of action for damages may be founded on a violation of section 9 of the Collection Agency Act"** (Emphasis added) *Sherman* 74 Ill.App.3d at 30. Further, even the Illinois Supreme Court in *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill.2d 379, 432 N.E.2d 849, 853 (Ill. 1982) has favorably cited to *Sherman* and held: that the Illinois **"courts have continually demonstrated a willingness to imply a private remedy where there exists a clear need to effectuate the purpose of an act.** Kelsay v. Motorola, Inc., 74 Ill. 2d 172 (Ill. 1978); Boyer v. Atchison, Topeka & Santa Fe Ry. Co., 38 Ill. 2d 31 (Ill. 1967);  Heimgaertner v. Benjamin Electric Manufacturing Co., 6 Ill. 2d 152(Ill. 1955); *Sherman v. Field Clinic* **(1979), 74 Ill.App.3d 21, 29**; Montague v. George J. London Memorial Hospital (1979), 78 Ill. App. 3d 298, 301-03." (Emphasis added) *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 432 N.E.2d 849, 853 (Ill. 1982.).

52.     Section 10 of the Collection Agency Act (225 ILCS 425/10), provides consumers with an opportunity or option to file an administrative complaint with the Department.  However, in no manner does the Collection Agency Act, nor any controlling case law, impose upon any consumer, a duty to exhaust any administrative remedy before a consumer may elect to take an independent private cause of action against *Collection Agency.*

53.     ALLIED  and its employees knew or should have known, they are PROHIBITED by law from engaging in any of the acts specified in § 9 of the Act, as each of which is unlawful practice.

54.     ALLIED  and its employees willfully or maliciously or in reckless disregard to the law, engaged in conduct made unlawful under the Act.  Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 10 through 20, as if fully set forth herein.

55.     ALLIED  and its employees willfully or maliciously violated paragraph (a) (1), (13), (15)(A), (16), (17), (19), (20), (22), (30), (31), of § 9 of the Act, Where, Defendant and its agents willfully or maliciously, in part: (i) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector;  (ii) communicated with Plaintiff in connection with the collection of a debt at a time or place which was known or should be

11

known to be inconvenient to Plaintiff;  (iii) engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;  (v) engaged in dishonorable, unethical, or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

56.   As proximate cause of ALLIED  and its employees, aforesaid unlawful collection practices or acts, the unlawful conduct, the extreme and outrageous conduct against Plaintiff, Plaintiff has suffered both extreme and severe *personal injury damages*, and also suffered *economic damages*. (See ¶21 and ¶22).

57.      WHEREFORE, Plaintiff, ADONAY LARA moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendants, ALLIED INTERSTATE, Inc., and Unknown Defendants, for:

(1) A declaration or finding, that the *Defendant* engaged in "unlawful practices" in violation of Section 9 of the Collection Agency Act, (225 ILCS 425/9);
(2) A declaration or finding, that the *Defendant* engaged in conduct, which the Court finds was intended to cause and did cause extreme severe mental anguish emotional distress to Plaintiff, in violation of Section 9(a)(19) of the Collection Agency Act, (225 ILCS 425/9);
(3) A recommendation to the Director of the Department to revoke Defendant's collection agency license in Illinois, as provided by law;
(4) Compensatory economic damages in excess of $ 9,000 and/or in the amount later to be determined by the Jury;
(5) Compensatory personal injury damages in excess of $ 27,000 and/or in the amount later to be determined by the Jury;
(6) Litigation expenses and cost of suit, and reasonable attorneys' fees;
(7) Such other or further relief to Plaintiff as this Court may deem just and equitable.

## COUNT V
### (Supplemental –Intentional Infliction of Emotional Distress)

58.      Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in paragraphs 1 through 56, as if fully set forth herein.

59.      As described more fully above, Defendants and its employees knew and/or should have known that their objective(s) were reasonably illegitimate, unlawful and that such conduct would cause Plaintiff to suffer extreme and severe emotional distress, mental anguish, etc.

60.      Defendants and its employees individually or collectively, intended that their conduct would inflict severe and extreme emotional distress, mental anguish or knew there was a high provability that their conduct would cause severe and extreme emotional distress to Plaintiff.

61.   Defendants' conduct in fact caused severe and extreme emotional distress to Plaintiff.

62.   Defendants' conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency, which cannot be tolerated in a civilized community.

63.   Defendants were awarded that Plaintiff was particularly susceptible to emotional distress, mental anguished, etc.

64. Defendants individually and collectively *intended* to cause, or recklessly disregarded the provability of causing Plaintiff to suffer both extreme and severe *personal injury damages*, and also suffered *economic damages*. (See ¶21 and ¶22).

65. The extreme and/or severe emotional distress, mental anguish, etc., suffered by Plaintiff was and is such that no reasonable person could be expected to endure it.

66. As proximate cause of Defendants and its agents, aforesaid unlawful conduct, extreme and outrageous conduct against Plaintiff, he has suffered both extreme and severe *personal injury damages*, and also suffered *economic damages*. (See ¶21 and ¶22).

WHEREFORE, Plaintiff, ADONAY LARA moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendants, ALLIED INTERSTATE, Inc., and Unknown Defendants, for:

(1) The relief prayed in Paragraph 57 (subsections 1-3), which Plaintiff incorporates or realleges as if fully set forth herein;

(2) Compensatory economic damages in excess of $ 9,000 and/or in the amount later to be determined by the Jury;

(3) Compensatory personal injury damages in excess of $ 27,000 and/or in the amount later to be determined by the Jury;

(4) Plaintiff reserves his right to petition for punitive damages as allowed by law;

(5) Litigation expenses and cost of suit, and reasonable attorneys' fees;

(6) Such other or further relief to Plaintiff as this Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands trial by jury on all issues and claims pursuant to Article VII of the Federal Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Respectfully submitted,

By: _____

ADONAY LARA

Attorney Certification (*Pro Se*)

ADONAY LARA
Attorney for the Plaintiff (*Pro Se*)
P. O. Box 1621
Chicago, Illinois 60690
312-719-1108