IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADONAY LARA,<br><br>     Plaintiff,<br><br>vs.<br><br><br><br>ALLIED INTERSTATE, INC. and<br>UNKNOWN DEFENDANTS,<br><br>     Defendants. | No. 07 C 6423<br><br>Judge Lindberg<br><br>Mag. Judge Brown |

**MOTION TO DISMISS AND TO STRIKE
FRCP 12 (b) & (f)**

NOW COMES DEFENDANT ALLIED INTERSTATE, by and through its attorneys, Thomas & Kampsen, and moves this Honorable Court pursuant to FRCP 12 (b) & (f) to dismiss and/or strike the plaintiff's complaint at law. In support of said motion, this defendant states as follows:

   1.   **Background:** On December 17, 2007 the plaintiff filed a complaint at law in the U. S. District Court for the Northern District of Illinois, Eastern Division, against movant consisting of five (5) counts summarized as follows:

       a.   Count I – Violations of § 1692c and § 1692d of the Fair Debt Collection Practices Act (15 U.S.C. 1692) occurring between November 10th and December 22nd of 2006;

       b.   Count II - Violations of § 1692d and § 1692e of the Fair Debt Collection Practices Act (15 U.S.C. 1692) occurring on November 10th, 11th & 16th of 2006;

1

  c. Count III - Violations of § 1692g of the Fair Debt Collection Practices Act (15 U.S.C. 1692) occurring between November 10th and December 22nd of 2006;

  d. Count IV - Violations of § 9 of the Illinois Collection Agency Act 225 ILCS 425/9;

  e. Count V – Tort Action for Intentional Inflection of Emotional Distress.

**2. Motion to Dismiss pursuant to FRCP 12 (b)(1):** This court lacks subject matter jurisdiction over Counts IV and V.

  a. Plaintiff alleges that this court has jurisdiction over his complaint at law pursuant to 28 U.S.C. §§ 1331 and 1337 as well as 28 U.S.C. § 1367(a). Movant concedes this court has subject matter jurisdiction over Counts I, II & III in accordance with the FDCPA, 15 U.S.C. 1692 k(d).

  b. However, Count IV is based on the Illinois Collection Agency Act (225 ILCS 425/1 et seq.) and Count V is based upon the common law tort of intentional infliction of mental distress. As alleged, neither cause of action raise a federal question (28 U.S.C. § 1331), give rise to an action over which federal courts have original jurisdiction (28 U.S.C. § 1337) nor qualify for jurisdiction based upon diversity of citizenship (28 U.S.C. § 1332).

  c. Further, both actions are virtually identical to Counts V & VIII in plaintiff's Third Amended Complaint at Law filed in the Circuit Court of Cook County under docket number 03 L 2447. A copy of said complaint at law is attached hereto as Exhibit "A". This Third Amended Complaint was dismissed

with prejudice on June 05, 2006 with prejudice by Judge Barbara J. Disko. A copy of this dismissal order is attached as Exhibit "B". The case is still pending the trial court's ruling on plaintiff's motion to reconsider.

**3.    Motion to Dismiss pursuant to FRCP 12 (b)(6):** Plaintiff's complaint at law should be dismissed because it fails to state a claim upon which relief can be granted:

    a.    Limitations: Plaintiff's complaint at law was filed on December 17, 2007. Counts I, II & III are claims arising out of alleged violations of the Fair Dept Collection Practices Act (15 U.S.C. 1692 et seq.).

        1)    In Counts I & III plaintiff contends that the violations took place over a period of November 10, 2006 to December 22, 2006 (paras. 24, 25, 28, 42 & 44). Count II avers that the violations occurred on November 10, 11 & 16, 2006 (paras. 34 & 36). In fact, in paragraph 9 plaintiff alludes to as far back as October 2001.

        2)    Limitation period for such actions is one (1) year (15 U.S.C. 1692k). Therefore, any alleged violation of the FDCPA that occurred before December 17, 2006 is time barred.

    b.    Punitive Damages and Attorney's Fees: In all counts the plaintiff seeks punitive damages and attorney's fees.

        1)    As to Counts I, II & III Punitive damages are not allowed under the Fair Debt Collection Practices Act; and,

        2)    Plaintiff Adonay Lara, a non-lawyer, is representing himself. A pro se non-lawyer is not entitled to attorney's fees.

    c.    *Res Judicata*: All or part of the plaintiff's complaint at law should be dismissed on the theory of *res judicata*. Except for the allegations concerning the Fair Dept Collection Practices Act violations occurring on or after December 17, 2006, the plaintiff's cause of action derives from a credit card debt dispute he has against movant and Chase Bank. Plaintiff filed a law suit in the Circuit Court of Cook County, Illinois in 2003 to litigate that dispute. After filing an original and three amended complaints at law, the trial court dismissed plaintiff's cause of action with prejudice. If this court is not inclined to dismiss plaintiff's action at this time, it is respectfully requested that the case be held in abeyance until the state trial court rules on plaintiff's motion to reconsider.

**3.**    **Motion to Strike or Make More Definite:** Defendant Allied Interstate, Inc. moves to strike the plaintiff's complaint at law as insufficient as a matter of law pursuant to FRCP 12 (f) or for more definite statement pursuant to FRCP 12 (e) for the reasons set forth below:

    a.    Plaintiff's allegations are "redundant" in nature and most are "immaterial". FRCP 8 provides in *(a) Claims for Relief* that the allegations shall contain *a short and plain statement of the claim showing that the pleader is entitled to relief.* In FRCP 8 (e) the rule provides that each *averment of a pleading shall be simple and direct.* Plaintiff's allegations are excessive even for *fact pleading* forums and certainly do not fall within the guidelines of *notice pleading* as required by federal courts. In the event this matter proceeds to trial plaintiff's actions will need to be reduced to jury instructions comprehensible by a jury.

b.  The averments contained in Counts I-III frequently allege violations of a section of the FDCPA with out specifying what the defendant did to violate the Act.

c.  The spacing in plaintiff's complaint at law does not comply with U.S. District Court for the Northern District of Illinois Local Rules, specifically, LR5.2 (b).

d.  In paragraphs 10 through 20 of the plaintiff's complaint at law he alleges that movant attempted to defraud him. FRCP 9 (b) provides in relevant part:

*In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity.*

For the reasons stated above, defendant Allied Interstate, Inc. prays for an order dismissing all or part of the plaintiff's complaint at law or in the alternative striking the plaintiff's complaint at law and for other relief the Court deems just and appropriate.

Dated: January 7, 2008

ALLIED INTERSTATE, INC.

By: _____
Robert S. Phillips,
Thomas & Kampsen

Robert S. Phillips
Thomas & Kampsen
Representing Allied Interstate, Inc.
300 South Riverside Plaza, Ste. 2330
Chicago, IL 60606
312.930-5500

5