IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| ADONAY LARA, | ) |
| Plaintiffs, | ) |
| v. | ) No. 03 L 2447 |
| BANK ONE, DELAWARE, N.A, *et al.*, | ) |
| Defendants. | ) |

### ORDER

This matter coming to be heard upon the motion of Defendants, Chase Bank USA, N.A. ("Chase") and Allied Interstate, Inc. ("Allied") to dismiss Plaintiff's Third Verified Amended Complaint, due notice having been given, and the Court being otherwise advised in the premises:

The Court makes the following ruling and offers the following reasons thereto:

### Facts

Plaintiff's Third Amended Complaint purports to state a cause of action for novation against Chase, breach of contract against Chase, defamation and "false light" against Chase, unreasonable intrusion upon seclusion against Chase, intentional infliction of emotional distress against Chase, violations of the Illinois Consumer Fraud and Deceptive Business Practices Act ("Consumer Fraud Act") (815 ILCS 505/1 *et seq.*) against Chase, common law fraud against Chase, and violations of the Illinois Collection Agency Act (225 ILCS 425/1 *et seq.*) against both Defendants[1]. This arises from the facts alleged in the prior complaints (*see* this Court's prior orders).

---

[1] Plaintiff only seeks relief against Chase.

Exhibit "B"

This Court previously dismissed, with prejudice, Plaintiff's claims of violations of the Consumer Fraud Act and the Illinois Collection Agency Act. It stands by those rulings and will not address those counts in this order.

### Court's Reasoning

### Count I – Novation

Plaintiff contends that acceptance of a check marked "paid in full" is sufficient to allege a novation. He is incorrect.

The elements of a novation are: (1) a previous, valid obligation; (2) a subsequent agreement of all the parties to the new contract; (3) the extinguishment of the old contract; and (4) the validity of the new contract. Thomas v. Frederick J. Borgsmiller, Inc., 155 Ill. App. 3d 1057, 1061 (5th Dist. 1987). Plaintiff has satisfied the first element in attaching the Cardmember Agreement to his Third Verified Amended Complaint. He cannot satisfy the remaining three elements.

When an exhibit is attached to a complaint, it becomes part of the complaint (Brock v. Anderson Road Association, 287 Ill. App. 3d 16, 21 (2d Dist. 1997), and when the allegations in the complaint differ from those shown in the exhibit attached to the complaint, the exhibit controls. Baker v. Daniel S. Berger, Ltd., 323 Ill. App. 3d 956, 963 (1st Dist. 2001). Plaintiff attempts to allege that the Cardmember Agreement was somehow extinguished once he sent a check with the terms "paid in full." However, the Cardmember Agreement clearly and unambiguously does not allow for such acts to constitute a novation. Consequently, Plaintiff cannot allege that the parties entered into a subsequent agreement that extinguished the Cardmember Agreement. As Plaintiff cannot

make such allegations as a matter of law, this Court finds that Chase and Allied's motion to dismiss Count I is granted with prejudice.

### All Remaining Counts on Third Verified Amended Complaint

As the remainder of Plaintiff's counts are based upon his wrongful conclusion that there was a novation of the Cardmember Agreement, they must similarly fail. Accordingly, this Court grants Chase and Allied's motion to dismiss Plaintiff's Third Verified Amended Complaint dismissed with prejudice.

IT IS HEREBY ORDERED THAT:

Defendants' motion to dismiss Plaintiff's Third Verified Amended Complaint is granted with prejudice.

Date: June 5, 2006

JUDGE BARBARA J. DISKO
JUN - 5 2006
Circuit Court-532

_____
Judge