IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADONAY LARA,
    *Plaintiff*,

vs.

ALLIED INTERSTATE, Inc., Et Al.
    *Defendant.*

Case Number : <u>07-cv-6423</u>

Presiding Judge: <u>Lindberg</u>

## NOTICE FILING

**TO:** Robert S. Phillips/Thomas & Kampsen (Attorneys for Defendant ALLIED)
300 S. Riverside Plaza, Suite 2330
Chicago, Illinois 60606
Fax: (866) 794-4702 - Tel: (312) 930-5500.

    PLEASE TAKE NOTICE that on <u>1-23-08</u>, I caused to file with the Clerk of Court for the United States District Court Northern District of Illinois, Eastern Division the, ***RESPONSE IN OPPOSITION to Motion to Dismiss and to Strike*** a copy of which and all relevant documents are hereby attached and served upon you.

_____
ADONAY LARA

ADONAY LARA
Attorney for the Plaintiff (*Pro Se*)
P. O. Box 1621
Chicago, Illinois 60690
312-719-1108

## PROOF & CERTIFICATE OF SERVICE

    I, ADONAY LARA, under penalty of perjury I certify that the statements set forth herein are true and correct, that I served this notice and all relevant documents to all the pertinent parties by personally hand delivering the same copies to the above named individuals or their corresponding agents at the respected addresses, on <u>1-23-08</u> by or before 4 p.m., in compliance with the pertinent Federal Rules of Civil Procedure and Local Rules.

_____
ADONAY LARA
Attorney Certification (*Pro Se*)

1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADONAY LARA,
    *Plaintiff,*

vs.

ALLIED INTERSTATE, Inc., Et Al.
    *Defendant.*

Case Number : 07-cv-6423

Presiding Judge: Lindberg

*FILED JAN 23 2008 MICHAEL W. DOBBINS, CLERK, U.S. DISTRICT COURT*

### RESPONSE IN OPPOSITION TO MOTION TO DISMISS & TO STRIKE

Plaintiff, ADONAY LARA, pursuant to Federal Rules of Civil Procedure, respectfully moves this Honorable Court: (1) to afford Plaintiff an opportunity for a fair EVIDENTIARY HEARING on the matters set forth herein; and/or (2) to deny the Defendant's *Motion to Dismiss and to Strike* the complaint. In support thereof, Plaintiff attaches the SUPPORTIVE AFFIDAVIT and he states under penalty of perjury, as follows:

### I. SUMMARY

1.    On or about 1-7-08, Robert S. Phillips (henceforth "BOB") attorney for ALLIED INTERSTATE, Inc., (henceforth "ALLIED") drafted and filed the Defendant's *Motion to Dismiss and to Strike* the complaint (henceforth "*Motion to Dismiss*").

2.    At first glance the Court may assume that BOB just fail to investigate crucial facts before drafting and filing the *Motion to Dismiss*. However, Plaintiff has personal knowledge of BOB's long history of bringing the legal profession into disrepute by intentionally engaging in serious misconduct (including but not limited to distorting and misrepresenting issues of materially facts and law to almost every court he appears before).

3.    As described more fully below, first, BOB conveniently materially MISREPRESENTED the date Plaintiff file his Complaint (see ¶1 of Defendant's *Motion to Dismiss*), in order to falsely and frivolously claim that the Complaint is time bar. Second, BOB also frivolously claims that the Honorable Court lacks "subject-matter [*supplemental*] jurisdiction" (see ¶2, ¶2(b) of Defendant's *Motion to Dismiss*) over the related state law claims in the Complaint, where 28 U.S.C. §1367(a), absolutely forecloses such position. Thirdly, BOB admits that there is NO final judgment (See ¶2(c), pg 3, of Defendant's *Motion to Dismiss*) but frivolously *urges* this Court to dismiss the Complaint based on "*res judicata*" where his own admission and the lack of the necessary elements

2

to sustain such a claim, forecloses the application of *res judicata* doctrine in the present case. Finely, it appears that BOB also frivolously objects to Plaintiff's detail and very specific factual statements and would like this Honorable Court to wrongfully strike or dismiss the Complaint, even dough the Complaint gives the defendant fair notice of what the claims are and the grounds upon which it rests. (See: Rule 8(a)(2) of the Fed.R.Civ.P.; *Erickson v. Pardus*, (U.S. 2007) 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081, 1085).

## II. FACTS

4. Plaintiff re alleges or incorporates paragraphs 1 through 3 and 9 through 12, as if the same were fully set forth herein.

5. BOB admits that there is NO final judgment (See ¶2(c), pg 3 of Defendant's *Motion to Dismiss*), but FRIVOLOUS urges this Court to dismiss the Complaint based on *res judicata* (see ¶3(c) in pg 4 of Defendant's *Motion to Dismiss*) where his own admission forecloses the application of *res judicata* doctrine in the present case.

6. Plaintiff explicitly DENIES all of Defendant's allegations that suggest or claim that *res judicata* bars the present action or otherwise warrants dismissal of the Complaint. In part because, there is: (1) NO *final judgment* on the merits rendered by a court of competent jurisdiction, (2) NO identity of cause of action, and (3) NO identity of all parties. Regardless how much BOB or ALLIED whishes there was.

7. Contrarily to BOB's FALSE claims. Plaintiff has NO Count in the Complaint based on a fraud claim.

8. Plaintiff explicitly DENIES that his claims are "redundant", but Plaintiff admits that the Complaint set forth *specific facts* that duly gives the defendant ALLIED fair notice of what the claims are and the grounds upon which it rests.

## III. ARGUMENTS

### A. The Complaint is NOT time bard

9. Contrarily to BOB's FALSE allegations that "on 12-17-07, Plaintiff filed the Complaint" (see ¶1, ¶3 of Defendant's *Motion to Dismiss*). The court file and the electronic docketing (henceforth "RECORD") ant the face of the Complaint, in the above entitle action, shows that Plaintiff filed the Complaint and Summons on **11-13-07**.

3

10. The Complaint has 5 Counts (Count I, II, III are federal counts, pursuant to F.D.C.P.A and Count IV and V are related or ancillary state law claims where supplementary jurisdiction of this Honorable Court is found under 28 U.S.C. §1367(a).).

11. Plaintiff in his F.D.C.P.A claims seeks relief for the Defendant's challenged conduct that occurred on 11-10-06 through 12-22-06 only. Further, Plaintiff in his supplementary state claims seeks relief for the Defendant's challenged conduct that occurred on 11-10-05 through 12-22-06. Plaintiff in NO manner seeks any relief outside any statutes of limitation.

12. For the Honorable Court's convenience Plaintiff has transcribed verbatim Rule 6(a) of the Federal Rules of Civil Procedure, which prescribes as follows:

> " **Rule 6. Time**
> **(a) Computation.**
> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included. **The last day of the period so computed shall be included, unless it is a Saturday, a Sunday, or a legal holiday**, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the clerk of the district court inaccessible, **in which event the period runs until the end of the next day which is not one of the aforementioned days.** When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation. As used in this rule and in Rule 77(c), **"legal holiday" includes** New Year's Day, Birthday of Martin Luther King, Jr., Washington's Birthday, Memorial Day, Independence Day, Labor Day, Columbus Day, **Veterans Day**, Thanksgiving Day, Christmas Day, and any other day appointed as a holiday by the President or the Congress of the United States, or by the state in which the district court is held." (Emphasis added) Rule 6(a) of the Fed.R.Civ.P.

13. Plaintiff pursuant to Rule 201(d),(f) of the Federal Rules of Civil Procedure, moves the Honorable Court to take *judicial notice* of the language in Rule 6(a) of the Fed.R.Civ.P., and of the generally known undisputed fact that 11-10-07 fell on a Saturday, and 11-12-07 fell on a Monday, that is considered a "legal holiday" in observance of "Veterans Day".

14. Accordingly, Plaintiff timely filed all his claims and he moves this Honorable Court to deny Defendant's motion to dismiss.

### B. This Court Does NOT Lack Supplemental Jurisdiction

15. For the Honorable Court's convenience Plaintiff has transcribed verbatim 28 USCS § 1367(a), which prescribes as follows:

4

> "§ 1367. *Supplemental jurisdiction*
> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, **in any civil action of which the district courts have original jurisdiction, <u>the district courts shall have supplemental jurisdiction over all other claims</u>** that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." (Emphasis added) 28 USCS § 1367(a).

16. Contrarily to BOB's FRIVOLOUS assertion that the Honorable Court lacks "supplemental jurisdiction" over the related or ancillary state law claims in Count 4 and 5 of the Complaint, (see ¶2, ¶2(a)(b) of Defendant's *Motion to Dismiss*) such position is fully FORECLOSED by the language of 28 U.S.C. §1367(a) and by virtue of Defendant's conceding that this court has *original jurisdiction* over Counts 1, 2 and 3 of the Complaint and that Count 4 and 5 are related to such claims.

17. Accordingly, Plaintiff moves this Honorable Court to deny Defendant's motion to dismiss.

### C. Allied's FRIVOLOUS Assertion of *Res Judicata*

18. It is well established law, the doctrine of *res judicata* and may allow a trial court to dismiss an action on the grounds that it is barred by a previous judgment; the essential elements that need be satisfied in order to invoke the doctrine of *res judicata* are (1) a final judgment on the merits rendered by a court of competent jurisdiction, (2) an identity of cause of action, and (3) an identity of parties or their privies, and it is only where all three elements are satisfied that the prior action will be conclusive as to all issues that were, or properly might have been, raised in that action. *LP XXVI, LLC v Goldstein*, 349 Ill App 3d 237, 811 NE2d 286 (2004).

19. In the present case, there is: (1) NO *final judgment* on the merits rendered by a court of competent jurisdiction, (2) NO identity of cause of action, and (3) NO identity of all the parties. In fact, ALLIED it self admitted that there is NO final judgment. (See ¶2(c), pg 3 of Defendant's *Motion to Dismiss*).

20. ALLIED in its motion to dismiss *urges* this Honorable Court to dismiss the Complaint based solely on BOB's FRIVOLOUS assertion that a **NON-final judgment** in state court, where there is NO identity of cause of action, and NO identity of all parties, should some how create *res judicata* and bar Plaintiff form the *new* and *independent* claims in the Complaint.

21. Plaintiff explicitly DENIES all of Defendant's allegations that suggest or claim that *res judicata* bars the present action or otherwise warrants dismissal of the Complaint. In part because, there is: (1) NO *final judgment* on the merits rendered by a court of competent jurisdiction, (2) NO

5

identity of cause of action, and (3) NO identity of all parties. Regardless how much BOB or ALLIED whishes there was.

22. Accordingly, Plaintiff moves this Honorable Court to deny Defendant's motion to dismiss.

### IV. CONCLUSION

For the reasons stated above, Plaintiff respectfully moves this Honorable Court to enter an Order in favor of Plaintiff as follows: (a) for *Defendant's Motion to Dismiss and to Strike*, be denied; (b) and for this Honorable Court to grant Plaintiff any further relief that it may finds just and equitable.

Respectfully submitted,

By: _____
ADONAY LARA
Attorney Certification (*Pro Se*)

ADONAY LARA
Attorney for the Plaintiff (*Pro Se*)
P. O. Box 1621
Chicago, Illinois 60690
312-719-1108

### SUPPORTIVE AFFIDAVIT & VERIFICATION BY CERTIFICATION

ADONAY LARA, affirms under penalty of perjury, and hereby states as follows:

(1) My name is Adonay Lara. I am a citizen of the United States and a resident of the State of Illinois. I reside in Chicago. My mailing address is 211 S. Clark Street, P. O. Box 1621, Chicago, Illinois 60690. I am over 18 years of age and competent to prepare this Affidavit. I have knowledge of the facts herein, and if called to testify, I could competently do so as to the facts contained in this Affidavit.

(2) I incorporate paragraphs 1 through 22, as if the same was fully set forth herein. Under penalties of perjury as provided by law pursuant to 28 U.S.C. § 1746, 18 U.S.C. § 1621, §1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
ADONAY LARA
Attorney Certification (Pro se)

6