## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ADONAY LARA,

          Plaintiff,

vs.

ALLIED INTERSTATE, INC. and
UNKNOWN DEFENDANTS,

          Defendants.

No. 07 C 6423

Judge Lindberg

Mag. Judge Brown

## MOTION TO DISMISS AND TO STRIKE
## FRCP 12 (b) & (f) REPLY BRIEF

NOW COMES movant Allied Interstate, Inc. by and through its attorney Robert S. Phillips of the law firm of Thomas & Kampsen and tenders its brief in reply to plaintiff's response to movant's motion to dismiss and strike filed pursuant to Rule 12 (b) & (f) of the Federal Rules of Civil Practice. With respect to said reply this defendant states as follows:

    **1.**    **Limitations:**    Plaintiff first takes issue with the date of filing of his complaint at law as to movant's contention that certain portions of the FDCPA counts were time barred. Plaintiff argues that the complaint was electronically filed on 13 November 2007 and not 17 December 2007 as set forth in Allied's motion to dismiss. The date of 17 December 2007 alluded to in Allied's motion was taken from the court's received stamp displayed on the copies of the summons & complaint at law served upon Allied (copies attached as Reply Exhibit "A"). Upon receipt of plaintiff's response, movant checked PACER and discerned that the clerk's office of the United States District

1

Court for the Northern District of Illinois, Eastern Division received plaintiff's complaint

at law along with a *Forma Pauperis* application on 13 November 2007. The court

granted the application and filed the complaint on 07 December 2008. Movant amends

its motion to correct the filing date of plaintiff's complaint at law consistent with the

court's record and restates its prior argument on the time bar issue. Further, plaintiff

alleges in the section of his complaint entitled "Facts Upon Which Claims Are Based"

that the time period during which defendant Allied committed wrongful acts against the

plaintiff commenced in October of 2001 and culminated in November or December or

2006 (paragraphs 9&10 of the complaint at law). Since this section is incorporated by

reference as to Counts I through V, it causes all counts to be time barred whether the

limitation period is one or two years.

   **2.    Notice Pleading:**    Plaintiff's brief fails to provide any justification for

not following the requirements of FRCP 8. This rule provides that pleadings are to be

simple and direct with the allegations containing a short and plain statement of the claim.

The text of plaintiff's complaint is so verbose, repetitive and inconsistent that it is

inarticulate. It also lacks in substance. In Counts I, II & III the claim of violations of

FDCPA's subparagraphs c. (consumer contact), d. (harassment), e. (false representations)

& g.(validation of debts) lack sufficient clarity to state a cause of action. Further, the

FDCPA Counts I, II & III should for the sake of judicial economy be consolidated into

one count.

   **3.    Res Judicata:**    Counts IV (Collection Agency Act) and V

(Intentional Infliction of Mental Distress) are substantially similar to Counts V

(Intentional Infliction of Mental Distress) and VIII (Collection Agency Act) of plaintiff's

action filed in the Circuit Court of Cook Co. docket no. 03 L 2447 which has been dismissed with prejudice. It is currently pending a hearing on plaintiff's motion for reconsideration by Judge Ronald F. Bartkowicz on March 19, 2008 at 4:30 p.m.

      a.    If the motion is denied then counts IV & V should be dismissed on the basis of *res judicata.*

      b.    If the motion is granted then said counts should still be dismissed to avoid identical actions from pending in state and federal court which may result in either an inconsistent adjudication of the disputes or a double recovery for the plaintiff.

    **4.**    **Punitive Damages & Attorney's Fees:**   Plaintiff has not addressed movant's position on the punitive damages and attorney fees claims in any meaningful manner. Therefore, said claims should be stricken.

    **5.**    **Violation of Local Rules:**   Plaintiff has repeatedly made accusations of attorney misconduct against movant's attorney, Robert S. Phillips. In an apparent effort to defeat Allied's motion to dismiss and strike, plaintiff has sent an inflammatory letter (attached as Exhibit "B") to Scott G. Thomas and Patricia Kampsen of Mr. Phillips' firm of Thomas & Kampsen. Plaintiff has also called seeking to speak to Mr. Thomas and Ms. Kampsen. This type of litigation tactics is proscribed by LR83.51.2(e) which provides in relevant part:

"A lawyer shall not present, participate in presenting, or threaten to present criminal charges or professional disciplinary actions to obtain an advantage in a civil matter."

    Not-with-standing that Mr. Lara's accusations have no foundation in fact or basis in law, this kind of chicanery should not be tolerated by the court.

6.    **Conclusion:**    For the reasons set forth above and as well as in its motion

to dismiss and strike, Allied Interstate, Inc. prays that the court:

A.    Dismiss all or part of the plaintiff's complaint at law; and/or,

B.    Strike all or part of the plaintiff's complaint at law; and,

C.    Enter such other relief it deems just and equitable.

Dated:  21 February 2008.

ALLIED INTERSTATE INC.

Robert S. Phillips
Thomas & Kampsen

Robert S. Phillips
Thomas & Kampsen
300 South Riverside Plaza, Ste. 2330
Chicago, IL 60606
Tel. 312/756-4148
Fax  866/794-4702

EXHIBIT "A"

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**SUMMONS IN A CIVIL CASE**

ADONAY LARA,
        *Plaintiff*,

vs.

ALLIED INTERSTATE, INC., Et Al.,
        *Defendants*.

# 07CV6423
# JUDGE LINDBERG
# MAG. JUDGE BROWN

**JURY TRIAL DEMANDED**

**TO:**    ALLIED INTERSTATE, Inc.,
(Defendant's *registered agent* in the State of Illinois, is the following corporation,
*C T Corporation System*)
208 South LaSalle Street, Suite 814
Chicago, Illinois 60604

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY,
*ADONAY LARA, at the 211 S. Clark Street, P.O. Box 1621, Chicago, Illinois 60690*, an answer to the complaint,
which is herewith served upon you, _____20_____ days after service of this summons upon you, exclusive of
the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in
the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time
after service.

MICHAEL W. DOBBINS, CLERK

_____
(By) DEPUTY CLERK

12/14/2007
DATE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

ADONAY LARA,
                        *Plaintiff,*

        *vs.*

ALLIED INTERSTATE, Inc.,
Unknown Defendants,
                        *Defendanst.*

---

**07CV6423**
**JUDGE LINDBERG**
**MAG.JUDGE BROWN**
~~MAGISTRATE JUDGE.~~ _____

**JURY TRIAL DEMANDED**

## COMPLAINT

1.    NOW COMES, the plaintiff, ADONAY LARA, (henceforth "Plaintiff") brings this action against defendant, ALLIED INTERSTATE, Inc., (henceforth "ALLIED " or "Defendant") for improper collection practices in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("F.D.C.P.A.") and related supplementary state claims (pursuant to the §9 of the Collection Agency Act (225 ILCS 425/9), and common law). For the reasons and allegations stated herein Plaintiff states as follows:

### JURISDICTION & VENUE

2.    The jurisdiction of the Court is invoked as authorized under the F.D.C.P.A., 15 U.S.C. § 1692k.(d) and 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction (related or ancillary state law claims) of this action pursuant to under 28 U.S.C. §1367(a). Venue is proper in this District under 28 U.S.C. § 1391(b) (1),(2). All parties reside in the same State and/or all the acts, events and/or omissions giving rise to the claims asserted herein occurred within the Northern District of Illinois.

### PARTIES

3.    Plaintiff, ADONAY LARA, is and was at all relevant times hereto, a citizen of the United States, a resident of Cook County, Illinois, and a "*consumer*" within the meaning of the F.D.C.P.A., 15 U.S.C. § 1692a(3) and Collection Agency Act (225 ILCS 425/et. esq.) Plaintiff's mailing address is 211 S. Clark Street, P.O. Box 1621, Chicago Illinois, 60690.

4.    At all relevant times hereto, Defendant's *registered agent* in the State of Illinois, is the following corporation: *C T Corporation System*, located at 208 South LaSalle Street, suit 814, in Chicago, Illinois 60604.

5.    At all relevant times hereto, defendant, ALLIED INTERSTATE, Inc., (henceforth "ALLIED " or "Defendant") is a business corporation or entity that engaged in the collection agency business with its principal place of business (Corporate Office), located at 12100 N.E. 195th St. Suite #325, Bothell, Washington 98011. Further, ALLIED acts as a "debt collector", as defined in F.D.C.P.A., 15 U.S.C. § 1692a.(6), because it regularly uses the mails and other interstate commerce to collect, or attempt to collect, consumer debts in the Northern District of Illinois.

EXHIBIT "B"

# ADONAY LARA

211 S. Clark Street, 1621, Chicago, Illinois 60690
(312) 719-1108

RECEIVED
JAN 23 2008
THOMAS & KAMPSEN

1-23-08

*Sent Via personal hand delivery and E-mailed and/or First Class U.S. Mail*

Scott G. Thomas and Patricia J. Kampsen, principal partners of Thomas & Kampsen
Robert S. Phillips/Thomas & Kampsen (Attorneys for Defendant ALLIED)
300 S. Riverside Plaza, Suite 2330
Chicago, Illinois 60606
Fax: (866) 794-4702 - Tel: (312) 930-5500.
E-mail: scott.thomas@aig.com and patricia.kampsen@aig.com and Robert.Phillips@aig.com

RE:     **NOTICE OF SERIOUS ATTORNEY MISCONDUCT**
**& DEMAND FOR SUPERVISORY LAWYER TO ADHERE TO DUTIES under local rule 83.55.1.**
**& NOTICE OF RULE 11 Fed.R.Civ.P., SAFE-HARDBOARD, ETC.**

1.    Plaintiff incorporates, all the relevant facts and statements in Plaintiff's ***RESPONSE IN***

***OPPOSITION to Motion to Dismiss and to Strike*** and ***Motion for Sanction under Rule 11***, as if the same,

was fully set forth herein.

2.    As described more fully herein, Plaintiff has provided Scott G. Thomas and Patricia J. Kampsen, with

knowledge of the *specific* misconduct (see the documents incorporated in ¶1 of this letter, the same show that

BOB engage in conduct involving dishonesty, fraud, deceit or misrepresentation to several tribunals) carry

out by **Robert S. Phillips** (henceforth "BOB") in violation of: Local Rule 83.58.4.(a)(4); Rule 11 of

Fed.R.Civ.P.; LR83.53.1.; LR83.53.3.(a)(1); Local Rule 83.58.4.(a)(1), (4), (5); and numerous other rules.

3.    Plaintiff moves Scott G. Thomas and Patricia J. Kampsen to mitigate and take reasonable remedial

action, such as:

> (a) withdraw all the material *misrepresentations* of fact and frivolous arguments in ALLIES's
>
> motion to dismiss, filed on 1-7-08;
>
> (b) have BOB cease and desist from engaging in any further conduct involving dishonesty,
>
> fraud, deceit or misrepresentation to several tribunals;
>
> (c) have BOB cease and desist from engaging in any further conduct that violates rules of
>
> professional conduct;

1

(d) report BOB's misconduct to the A.R.D.C. and Courts and other bodies with the power to sanction BOB for his violation of rules;

(e) have BOB immediately apologies to Plaintiff and the Honorable Court for BOB's misconduct.

4.    On 1-23-08, Plaintiff has personally hand delivered this letter together with all pertinent documents to Thomas & Kampsen, BOB, Scott G. Thomas and Patricia J. Kampsen.

5.    Plaintiff shall be compelled to file the attached *Motion for Sanction under Rule 11* on 2-13-08 and motion it up for 2-20-08 at 9:30 a.m., <u>unless</u>, within 21 days (by 2-12-08) from today, BOB and Thomas & Kampsen, withdraw all the material *misrepresentations* of fact and frivolous arguments found in ALLIES's motion to dismiss, filed on 1-7-08.

6.    Further, in the event that BOB, <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> or an agent on their behalf, by 1-30-08, fails to contact Plaintiff an provide him with a sincere apology and promise that BOB shall immediately cease and desist from engaging in any further conduct that violates the rules and specially in conduct involving dishonesty, fraud, deceit or misrepresentation against the Courts and Plaintiff, Plaintiff shall be compelled to report <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> and BOB's misconduct to the A.R.D.C., the Courts and other pertinent bodies with the power to sanction BOB and the supervisor attorneys for their respective violations of the rules of professional conduct.

7.    <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> are lawyers who have direct *supervisory authority* over the professional work of "BOB" and of the law firm *Thomas & Kampsen.*

8.    <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> have a DUTY to "make reasonable efforts to ensure that the other lawyer's [such as BOB] conduct conforms to these rules." LR83.55.1.(b).

9.    <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> lawyers shall be responsible for BOB's violation of these rules if ratifies the conduct involved; or knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action. LR83.55.1.(c).

10.    The **Local Rule 83.55.1.** for the United States District Court Northern District of Illinois, Eastern Division, (henceforth "District Court") prescribes as follows:

**LR83.55.1.    Responsibilities of a Partner or Supervisory Lawyer**
(a)    Each partner in a law firm **shall make reasonable efforts to ensure that the firm** has in effect measures giving reasonable assurance that **the conduct of all lawyers in the firm conforms to these rules.**
(b)    Each lawyer having **direct supervisory authority** over another lawyer **shall make reasonable efforts to ensure that the other lawyer's conduct conforms to these rules.**
(c)    A lawyer shall be responsible for another lawyer's violation of these rules if:
(1)    the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or
(2)    the lawyer is a partner in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

2

11.  The **Local Rule 83.58.3.(a)**, for the District Court, prescribes as follows:

> **LR83.58.3.**      **Reporting Professional Misconduct**
> (a)      **A lawyer possessing knowledge** not otherwise protected as a confidence by these rules or by law that another lawyer has committed a violation of LR83.58.4(a)(3) or (a)(4) **shall report such knowledge to a tribunal** or other authority empowered to investigate or act upon such violation.

12.  On or about 1-7-08, <u>Robert S. Phillips</u> (henceforth "BOB") attorney for ALLIED INTERSTATE, Inc., (henceforth "ALLIED") drafted and filed the Defendant's *Motion to Dismiss and to Strike* the complaint (henceforth "*Motion to Dismiss*").

13.  As described more fully below, BOB not only FAILED to investigate crucial facts before drafting and filing the *Motion to Dismiss*. But BOB willfully engaging in any conduct involving dishonesty, fraud, deceit or misrepresentation against the Honorable Court and that such conduct violates: Rule 11(b)(1),(3) of the Fed.R.Civ.P.; LR 83.58.4.(a)(4); LR83.53.1.; LR83.53.3.(a)(1); LR83.58.4.(a)(1),(5).

14.  BOB conveniently materially MISREPRESENTED the date Plaintiff file his Complaint (see ¶1, ¶3(a)(2) of Defendant's *Motion to Dismiss*), to the Honorable Court, in order to falsely and frivolously claims that the Complaint is time bar.

15.  Second, BOB also frivolously claims the Court lacks "subject-matter [*supplemental*] jurisdiction" (see ¶2, ¶2(b) of Defendant's *Motion to Dismiss*) over the related state law claims in the Complaint, where 28 U.S.C. §1367(a), and case-law, forecloses such position. (See ¶9 - ¶14 of [1/23/08]-RESPONSE).

16.  Thirdly, BOB admits that there is NO final judgment (See ¶2(c), pg 3, of Defendant's *Motion to Dismiss*) but frivolously *urges* this Court to dismiss the Complaint based on "*res judicata*" where his own admission and the lack of the necessary elements to sustain such a claim, forecloses the application of *res judicata* doctrine in the present case. (See ¶5, ¶6, and ¶18 - ¶22 of [1/23/08]-RESPONSE) .

17.  Finely, it appears that BOB also frivolously objects to Plaintiff's detail and very specific factual statements and would like the Honorable Court to wrongfully strike or dismiss the Complaint, even dough the Complaint gives the defendant fair notice of what the claims are and the grounds upon which it rests. (See: Rule 8(a)(2) of the Fed.R.Civ.P.; *Erickson v. Pardus*, (U.S. 2007) 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081, 1085).

18.  As illustrated more fully above, in the present case, on or about 1-7-08, BOB's conduct violated: <u>28 U.S.C. § 1927</u>; Rule 11 of Fed.R.Civ.P.; **Local Rule 83.58.4.(a)(4)**; <u>LR83.53.1.</u>; <u>LR83.53.3.(a)(1)</u>; <u>Local Rule 83.58.4.(a)(1),(5)</u>; and numerous other rules.

19.  The **Local Rule 83.53.1.** for the District Court, prescribes as follows:

> **LR83.53.1.**      **Meritorious Claims and Contentions**
> **A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous,**

20.  The **Local Rule 83.53.3.(a)(1)** for the District Court, prescribes as follows:

LR83.53.3.    **Conduct Before a Tribunal**

(a)    In appearing in a professional capacity before a tribunal, a lawyer shall not:

(1)    **make a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false;**

(2)    fail to disclose to a tribunal a material fact known to the lawyer when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;

(3)    fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;

21.    The **Local Rule 83.58.4.(a)(1), (4), (5)**, for the District Court, prescribes as follows:

LR83.58.4.    **Misconduct**

(a)    **A lawyer shall not:**

(1)    **violate or attempt to violate these rules;**

(2)    induce another to engage in conduct, or give assistance to another's conduct, when the lawyer knows that conduct will violate these rules;

(3)    commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;

(4)    **engage in conduct involving dishonesty, fraud, deceit or misrepresentation;**

(5)    **engage in conduct that is prejudicial to the administration of justice;**

22.    Apart form the federal case Plaintiff puts Scott G. Thomas and Patricia J. Kampsen on NOTICE of all the serious misconduct that BOB has committed against the state courts and Plaintiff in reference to case number 03-L-2447. In support thereof, Plaintiff incorporates or realleges all the pertinent facts, arguments, legal citations, set forth in all the pertinent document , including but not limited to the following:   (a) *Amended Motion To Reconsider* the 6-5-06 Order (henceforth "*6-5-06_ Amended-Motion to Reconsider*"); (b) *Motion To Reconsider* the 6-5-06 Order (henceforth "*6-5-06_Motion to Reconsider*");   (c) *Petition to Move the Judge to Adhere to her Independent Responsibility to Report Attorney Misconduct to the ARDC (155 Ill.2d R. 63(B)(3))*, (henceforth "*1ˢᵗ Petition-R.63(B)(3)(a)*"); (d) his *Multi-Supportive Affidavits* and Petition For Substitution of Judge Disco for Cause, (henceforth "*SOJ_Petition*");   (e) 2ⁿᵈ Petition to Move the Judge to Adhere to her Independent Responsibility to Report Attorney Misconduct to the ARDC (155 Ill.2d R. 63(B)(3)), (henceforth "*2ⁿᵈ Petition-R.63(B)(3)(a)*");   (f) his 5-23-06, *[Section 2-1401(f)] Petition To Vacate VOID Orders*, (henceforth "*2-1401(f)-Petition*"); (g) and all other documents (affidavits, motions, petitions, memorandums, etc.) cited or incorporated by reference therein and herein, as if all these were fully set forth herein.

23.    Please feel free to contact ADONAY LARA, at 312-719-1108, if you may have any questions or comments relating to the matters here discussed.

Respectfully submitted,

By:    _____

ADONAY LARA

Attorney Certification (*Pro Se*)

4