IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ADONAY LARA,
    *Plaintiff,*

vs.

ALLIED INTERSTATE, Inc., Et Al.
    *Defendant.*

Case Number : 07-cv-6423

Presiding Judge: Lindberg

## MOTION FOR SANCTION UNDER RULE 11

Plaintiff, ADONAY LARA, pursuant to Rule 11 of the Federal Rules of Civil Procedure, respectfully moves this Honorable Court: (1) to afford Plaintiff an opportunity for a fair EVIDENTIARY HEARING on the matters set forth herein; and/or (2) to grant the relief requested herein. In support thereof, Plaintiff attaches the SUPPORTIVE AFFIDAVIT and he states under penalty of perjury, as follows:

### I. FACTS

1. On or about 1-7-08, Robert S. Phillips (henceforth "BOB") attorney for ALLIED INTERSTATE, Inc., (henceforth "ALLIED") drafted and filed the Defendant's *Motion to Dismiss and to Strike* the complaint (henceforth "*Motion to Dismiss*").

2. As described more fully below, BOB not only FAILED to investigate crucial facts before drafting and filing the *Motion to Dismiss*. But, ALLIED, BOB, and the supervisory attorneys of his law-firm, willfully or knowingly FAILED to withdraw all the material *misrepresentations* of fact and frivolous arguments found in *Motion to Dismiss*, despite having been afforded ample opportunity to correct it.

3. To add insult to injury, Scott G. Thomas and Patricia J. Kampsen (henceforth "Supervisory Attorneys") willfully or knowingly, turn a blind eye to BOB's conduct involving dishonesty, fraud, deceit or misrepresentation against the Honorable Court. The Supervisory Attorneys' idleness to BOB's misconduct encouraged the violation of : Rule 11(b)(1),(3) of the Fed.R.Civ.P.; LR 83.58.4.(a)(4); LR83.53.1.; LR83.53.3.(a)(1); LR83.58.4.(a)(1),(5).

4. On 1-23-08, Plaintiff personally hand delivered a correspondence dated 1-23-08, a copy thereof, attached herein as **Exhibit A.** and a copy of this *Motion for Sanction under Rule 11*,

together with all pertinent documents to ALLIED and Thomas & Kampsen, BOB, Scott G. Thomas and Patricia J. Kampsen.

5. Plaintiff accomplished service as require by Rule 11 and Rule 5(b)(1),(2)(A)(ii) of the Federal Rules of Civil Procedure.

6. Plaintiff, afforded ALLIED and its attorneys, ample opportunity to withdraw the material *misrepresentations* of fact and frivolous arguments found in *Motion to Dismiss*.

7. Only after the "safe-harbored" of 21 days expired Plaintiff filed this motion on 2-13-08.

8. For the Honorable Court's convenience Plaintiff has transcribed verbatim Rule 11(b) of the Federal Rules of Civil Procedure, which prescribes as follows:

> **Rule 11.** Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions
> **(b) Representations to Court.**
> By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--
> **(1)** it is not being presented for **any improper purpose**, such as to **harass** or to cause unnecessary delay or **needless increase in the cost of litigation**;
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a **nonfrivolous argument** for the extension, modification, or reversal of existing law or the establishment of new law;
> **(3)** the allegations and other **factual contentions have evidentiary support** or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

9. Plaintiff incorporates, all the relevant facts and statements in Plaintiff's *RESPONSE IN OPPOSITION to Motion to Dismiss and to Strike* and his correspondence dated on 1-23-08, as if the same, was fully set forth herein.

## II. ARGUMENTS

### A. VIOLATION of RULE 11(b)(3)

10. Plaintiff incorporates, paragraphs 1-9, as if the same, was fully set forth herein.

11. BOB's factual contentions that "*on 12-17-07, Plaintiff filed the Complaint*" (see ¶1 of Defendant's *Motion to Dismiss*), LACKS all arguable basis in fact and lacks all evidentiary support.

3

12. BOB's factual contentions that "... *any alleged violation of the FDCPA that occurred before December 17, 2006 is time barred.*" (see ¶3 of Defendant's *Motion to Dismiss*), LACKS all arguable basis in fact and lacks all evidentiary support.

13. BOB's factual contentions that "... *plaintiff's cause of action derives from a credit card dispute he has against movant and Chase bank.*" (see ¶3(c) of Defendant's *Motion to Dismiss*), LACKS all arguable basis in fact and lacks all evidentiary support.

### B.   VIOLATION of RULE 11(b)(2)

14. Plaintiff incorporates, paragraphs 1-9, as if the same, was fully set forth herein.

15. BOB's legal contentions that "*This court lacks subject matter jurisdiction over Counts IV and V.*" (see ¶2, ¶2 (b) of Defendant's *Motion to Dismiss*), **LACKS all arguable basis in law** and is NOT warranted by existing law NOR by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law. (See ¶9 - ¶14 of [1/23/08]-RESPONSE)

16. BOB's legal contentions that "*All or part of the plaintiff's complaint at law should be dismissed on the theory of res judicata.*" (see ¶3(c), pg 4, of Defendant's *Motion to Dismiss*), **LACKS all arguable basis in law** and is NOT warranted by existing law NOR by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

17. BOB's legal contentions that ""... *any alleged violation of the FDCPA that occurred before December 17, 2006 is time barred.*" (see ¶3 of Defendant's *Motion to Dismiss*), **LACKS all arguable basis in law** and is NOT warranted by existing law NOR by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

### C.   VIOLATION of RULE 11(b)(1)

18. Plaintiff incorporates, paragraphs 1-9, as if the same, was fully set forth herein.

19. BOB's legal contentions that "*This court lacks subject matter jurisdiction over Counts IV and V.*" (see ¶2, ¶2 (b) of Defendant's), **LACKS all arguable basis in law** and is NOT warranted by existing law NOR by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.

20. BOB presented Defendant's *Motion to Dismiss* for improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

### III.   CONCLUSION

First, for the reasons stated above, and Second, in light of, opposing counsel, Robert S. Phillips's misconduct and refusal to correct his conduct that brings the legal profession into disrepute and

4

violated Local Rules 83.58.4(4),(1),(2), (5); 83.53.1., et seq. (Fundamental ethical and professional rules that all attorneys must strictly adhere to, when practicing before the court), compounded by his motion lacking all arguable basis in fact and law. Plaintiff respectfully moves this Honorable Court to enter an Order in favor of Plaintiff as follows:

(a) for a finding that *Defendant* and its attorneys violated Rule 11(b)(1),(2),(3) of the Fed.R.Civ.P.;

(b) for a finding that Robert S. Phillips and the Supervisor Attorneys violated LR83.58.4.(a)(4), LR83.53.1., LR83.53.3.(a)(1), LR83.58.4.(a)(1),(5);

(c) for *Defendant's Motion to Dismiss and to Strike,* be denied;

(b) and for this Honorable Court to grant Plaintiff any further relief that it may finds just and equitable.

Respectfully submitted,

By: _____
ADONAY LARA
Attorney Certification (*Pro Se*)

ADONAY LARA
Attorney for the Plaintiff (*Pro Se*)
P. O. Box 1621
Chicago, Illinois 60690
312-719-1108

## SUPPORTIVE AFFIDAVIT & VERIFICATION BY CERTIFICATION

ADONAY LARA, affirms under penalty of perjury, and hereby states as follows:

(1) My name is Adonay Lara. I am a citizen of the United States and a resident of the State of Illinois. I reside in Chicago. My mailing address is 211 S. Clark Street, P. O. Box 1621, Chicago, Illinois 60690. I am over 18 years of age and competent to prepare this Affidavit. I have knowledge of the facts herein, and if called to testify, I could competently do so as to the facts contained in this Affidavit.

(2) I incorporate paragraphs 1 through 22, as if the same was fully set forth herein. Under penalties of perjury as provided by law pursuant to 28 U.S.C. § 1746, 18 U.S.C. § 1621, §1-109 of the Code of Civil Procedure (735 ILCS 5/1-109), the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

_____
ADONAY LARA
Attorney Certification (*Pro se*)

5

# Exhibit A

# ADONAY LARA
211 S. Clark Street, 1621, Chicago, Illinois 60690
(312) 719-1108

1-23-08

*Sent Via personal hand delivery and E-mailed and/or First Class U.S. Mail*

Scott G. Thomas and Patricia J. Kampsen, principal partners of Thomas & Kampsen
Robert S. Phillips/Thomas & Kampsen (Attorneys for Defendant ALLIED)
300 S. Riverside Plaza, Suite 2330
Chicago, Illinois 60606
Fax: (866) 794-4702 - Tel: (312) 930-5500.
E-mail: scott.thomas@aig.com and patricia.kampsen@aig.com and Robert.Phillips@aig.com

RE: **NOTICE OF SERIOUS ATTORNEY MISCONDUCT
& DEMAND FOR SUPERVISORY LAWYER TO ADHERE TO DUTIES under local rule 83.55.1.
& NOTICE OF RULE 11 Fed.R.Civ.P., SAFE-HARDBOARD, ETC.**

1.   Plaintiff incorporates, all the relevant facts and statements in Plaintiff's **RESPONSE IN OPPOSITION to Motion to Dismiss and to Strike** and **Motion for Sanction under Rule 11**, as if the same, was fully set forth herein.

2.   As described more fully herein, Plaintiff has provided Scott G. Thomas and Patricia J. Kampsen, with knowledge of the *specific* misconduct (see the documents incorporated in ¶1 of this letter, the same show that BOB engage in conduct involving dishonesty, fraud, deceit or misrepresentation to several tribunals) carry out by **Robert S. Phillips** (henceforth "BOB") in violation of: Local Rule 83.58.4.(a)(4); Rule 11 of Fed.R.Civ.P.; LR83.53.1.; LR83.53.3.(a)(1); Local Rule 83.58.4.(a)(1), (4), (5); and numerous other rules.

3.   Plaintiff moves Scott G. Thomas and Patricia J. Kampsen to mitigate and take reasonable remedial action, such as:

> (a) withdraw all the material *misrepresentations* of fact and frivolous arguments in ALLIES's motion to dismiss, filed on 1-7-08;
>
> (b) have BOB cease and desist from engaging in any further conduct involving dishonesty, fraud, deceit or misrepresentation to several tribunals;
>
> (c) have BOB cease and desist from engaging in any further conduct that violates rules of professional conduct;

1

  (d) report BOB's misconduct to the A.R.D.C. and Courts and other bodies with the power to sanction BOB for his violation of rules;

  (e) have BOB immediately apologies to Plaintiff and the Honorable Court for BOB's misconduct.

4. On 1-23-08, Plaintiff has personally hand delivered this letter together with all pertinent documents to Thomas & Kampsen, BOB, Scott G. Thomas and Patricia J. Kampsen.

5. Plaintiff shall be compelled to file the attached *Motion for Sanction under Rule 11* on 2-13-08 and motion it up for 2-20-08 at 9:30 a.m., <u>unless</u>, within 21 days (by 2-12-08) from today, BOB and Thomas & Kampsen, withdraw all the material *misrepresentations* of fact and frivolous arguments found in ALLIES's motion to dismiss, filed on 1-7-08.

6. Further, in the event that BOB, <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> or an agent on their behalf, by 1-30-08, fails to contact Plaintiff an provide him with a sincere apology and promise that BOB shall immediately cease and desist from engaging in any further conduct that violates the rules and specially in conduct involving dishonesty, fraud, deceit or misrepresentation against the Courts and Plaintiff, Plaintiff shall be compelled to report <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> and BOB's misconduct to the A.R.D.C., the Courts and other pertinent bodies with the power to sanction BOB and the supervisor attorneys for their respective violations of the rules of professional conduct.

7. <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> are lawyers who have direct *supervisory authority* over the professional work of "BOB" and of the law firm *Thomas & Kampsen*.

8. <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> have a DUTY to "make reasonable efforts to ensure that the other lawyer's [such as BOB] conduct conforms to these rules." LR83.55.1.(b).

9. <u>Scott G. Thomas</u> and <u>Patricia J. Kampsen</u> lawyers shall be responsible for BOB's violation of these rules if ratifies the conduct involved; or knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action. LR83.55.1.(c).

10. The **Local Rule 83.55.1.** for the United States District Court Northern District of Illinois, Eastern Division, (henceforth "District Court") prescribes as follows:

> **LR83.55.1.**    **Responsibilities of a Partner or Supervisory Lawyer**
>   (a)   Each partner in a law firm **shall make reasonable efforts to ensure that the firm** has in effect measures giving reasonable assurance that **the conduct of all lawyers in the firm conforms to these rules.**
>   (b)   Each lawyer having **direct supervisory authority** over another lawyer **shall make reasonable efforts to ensure that the other lawyer's conduct conforms to these rules.**
>   (c)   A lawyer shall be responsible for another lawyer's violation of these rules if:
>     (1)   the lawyer orders or, with knowledge of the specific conduct, ratifies the conduct involved; or
>     (2)   the lawyer is a partner in the law firm in which the other lawyer practices, or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.

11.  The **Local Rule 83.58.3.(a)**, for the District Court, prescribes as follows:

> **LR83.58.3.    Reporting Professional Misconduct**
> (a)    A lawyer possessing knowledge not otherwise protected as a confidence by these rules or by law **that another lawyer has committed a violation of LR83.58.4(a)(3) or (a)(4) shall report such knowledge to a tribunal** or other authority empowered to investigate or act upon such violation.

12.  On or about 1-7-08, <u>Robert S. Phillips</u> (henceforth "BOB") attorney for ALLIED INTERSTATE, Inc., (henceforth "ALLIED") drafted and filed the Defendant's *Motion to Dismiss and to Strike* the complaint (henceforth "*Motion to Dismiss*").

13.  As described more fully below, BOB not only FAILED to investigate crucial facts before drafting and filing the *Motion to Dismiss*. But BOB willfully engaging in any conduct involving dishonesty, fraud, deceit or misrepresentation against the Honorable Court and that such conduct violates: Rule 11(b)(1),(3) of the Fed.R.Civ.P.;   LR 83.58.4.(a)(4);   LR83.53.1.;   LR83.53.3.(a)(1);   LR83.58.4.(a)(1),(5).

14.  BOB conveniently materially MISREPRESENTED the date Plaintiff file his Complaint (see ¶1, ¶3(a)(2) of Defendant's *Motion to Dismiss*), to the Honorable Court, in order to falsely and frivolously claims that the Complaint is time bar.

15.  Second, BOB also frivolously claims the Court lacks "subject-matter [*supplemental*] jurisdiction" (see ¶2, ¶2(b) of Defendant's *Motion to Dismiss*) over the related state law claims in the Complaint, where 28 U.S.C. §1367(a), and case-law, forecloses such position. (See ¶9 - ¶14 of [1/23/08]-RESPONSE).

16.  Thirdly, BOB admits that there is NO final judgment (See ¶2(c), pg 3, of Defendant's *Motion to Dismiss*) but frivolously *urges* this Court to dismiss the Complaint based on "*res judicata*" where his own admission and the lack of the necessary elements to sustain such a claim, forecloses the application of *res judicata* doctrine in the present case. (See ¶5, ¶6, and ¶18 - ¶22 of [1/23/08]-RESPONSE) .

17.  Finely, it appears that BOB also frivolously objects to Plaintiff's detail and very specific factual statements and would like the Honorable Court to wrongfully strike or dismiss the Complaint, even dough the Complaint gives the defendant fair notice of what the claims are and the grounds upon which it rests. (See: Rule 8(a)(2) of the Fed.R.Civ.P.; *Erickson v. Pardus*, (U.S. 2007) 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081, 1085).

18.  As illustrated more fully above, in the present case, on or about 1-7-08, BOB's conduct violated: <u>28 U.S.C. § 1927</u>; <u>Rule 11 of Fed.R.Civ.P.</u>; **Local Rule 83.58.4.(a)(4)**; <u>LR83.53.1.</u>; <u>LR83.53.3.(a)(1)</u>; <u>Local Rule 83.58.4.(a)(1),(5)</u>; and numerous other rules.

19.  The **Local Rule 83.53.1.** for the District Court, prescribes as follows:

> **LR83.53.1.    Meritorious Claims and Contentions**
> A lawyer **shall not** bring or defend a proceeding, or **assert or controvert an issue therein, unless there is a basis for doing so that is not frivolous,**

20.  The **Local Rule 83.53.3.(a)(1)** for the District Court, prescribes as follows:

3

**LR83.53.3.**　　**Conduct Before a Tribunal**
(a)　　In appearing in a professional capacity before a tribunal, a lawyer shall not:
(1)　　**make a statement of material fact or law to a tribunal which the lawyer knows or reasonably should know is false;**
(2)　　fail to disclose to a tribunal a material fact known to the lawyer when disclosure is necessary to avoid assisting a criminal or fraudulent act by the client;
(3)　　fail to disclose to the tribunal legal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel;

21.　　The **Local Rule 83.58.4.(a)(1), (4), (5)**, for the District Court, prescribes as follows:

**LR83.58.4.**　　**Misconduct**
(a)　　**A lawyer shall not:**
(1)　　violate or attempt to violate these rules;
(2)　　induce another to engage in conduct, or give assistance to another's conduct, when the lawyer knows that conduct will violate these rules;
(3)　　commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(4)　　**engage in conduct involving dishonesty, fraud, deceit or misrepresentation;**
(5)　　**engage in conduct that is prejudicial to the administration of justice;**

22.　　Apart form the federal case Plaintiff puts Scott G. Thomas and Patricia J. Kampsen on NOTICE of all the serious misconduct that BOB has committed against the state courts and Plaintiff in reference to case number 03-L-2447. In support thereof, Plaintiff incorporates or realleges all the pertinent facts, arguments, legal citations, set forth in all the pertinent document , including but not limited to the following:  (a) *Amended Motion To Reconsider* the 6-5-06 Order (henceforth "*6-5-06_ Amended-Motion to Reconsider*"); (b) Motion To Reconsider the 6-5-06 Order (henceforth "*6-5-06_Motion to Reconsider*");  (c) *Petition to Move the Judge to Adhere to her Independent Responsibility to Report Attorney Misconduct to the ARDC (155 Ill.2d R. 63(B)(3))*, (henceforth "*1ˢᵗ Petition-R.63(B)(3)(a)*");  (d) his *Multi-Supportive Affidavits* and Petition For Substitution of Judge Disco for Cause, (henceforth "*SOJ_Petition*");  (e) 2ⁿᵈ Petition to Move the Judge to Adhere to her Independent Responsibility to Report Attorney Misconduct to the ARDC (155 Ill.2d R. 63(B)(3)), (henceforth "*2ⁿᵈ Petition-R.63(B)(3)(a)*");  (f) his 5-23-06, *[Section 2-1401(f)] Petition To Vacate VOID Orders*, (henceforth "*2-1401(f)-Petition*");  (g) and all other documents (affidavits, motions, petitions, memorandums, etc.) cited or incorporated by reference therein and herein, as if all these were fully set forth herein.

23.　　Please feel free to contact ADONAY LARA, at 312-719-1108, if you may have any questions or comments relating to the matters here discussed.

Respectfully submitted,

By: _____
ADONAY LARA
Attorney Certification (*Pro Se*)

4