# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | George Lindberg | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6423 | **DATE** | 2/27/2008 |
| **CASE TITLE** | Adonay Lara vs. Allied Interstate, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Defendant Allied Interstate's motion to dismiss and to strike [9] is denied. Plaintiff's motion for sanctions [18] is denied.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    Defendant Allied seeks dismissal of Counts IV and V. First, defendant argues that this court does not have subject matter jurisdiction over these claims on the basis that they are state law claims not within federal question jurisdiction and that the action does not fall within this court's diversity jurisdiction. However, defendant does not address whether these claims fall within this court's supplemental jurisdiction, which in fact provides the basis for this court's subject matter jurisdiction over these counts. See 28 USC § 1367.

    Defendant also argues that Counts IV and V should be dismissed on res judicata grounds on the basis that a state court judge has before her a motion to reconsider and if she denies that motion, the claims of Counts IV and V will be barred by res judicata. However, since this ruling has not yet occurred, defendant's request for dismissal on this ground is at the very least premature.

    With respect to Counts I, II and III, defendant argues that a portion of the time period alleged in the complaint is outside the limitations period, and claims based on violations occurring during that portion of the time period alleged are barred by the statute of limitation. However, there is a longer period of time that would not be outside the limitations period. While this issue may well limit the violations on which plaintiff's Fair Debt Collection Practices Act claims can be based, it does not warrant dismissal of Counts I, II, and III. These matters may be raised later in the case on a motion for summary judgment, or at trial. In addition, while defendant may well be right that plaintiff cannot recover punitive damages or attorney fees, those are not issues for dismissal of the action, but rather for limitation of the relief granted should plaintiff

| | Courtroom Deputy | slb |
|---|---|---|

**STATEMENT**

prevail in whole or in part on his claims in this action.

As to the motion to strike or make more definite, the allegations of the complaint are sufficient to provide defendant with notice, and do not warrant being stricken under FRCP 12(f). Moreover, the court does not view the complaint as alleging fraud, even though plaintiff may have inartfully characterized it, so that the court does not believe the heightened pleading requirement of FRCP 9(b) should be applied. Further, defendant may obtain the information it would have plaintiff provide by in a more definite statement by way of discovery. The court therefore is denying the motion to strike and the motion to make more definite.

Plaintiff's motion for sanctions is also being denied, as counsel's conduct does not, in the court's opinion, rise to the level of a Rule 11 violation. FRCP 11.