**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

ADONAY LARA,
               Plaintiff,

      vs.

ALLIED INTERSTATE, INC. and
UNKNOWN DEFENDANTS,
               Defendants.

No. 07 C 6423

Judge Lindberg

## ANSWER TO COMPLAINT

NOW COMES defendant Allied Interstate, Inc. by and through its attorney, Robert S. Phillips, of the law firm of Thomas & Kampsen in answer to the plaintiff's complaint. With respect to said answer this defendant states as follows:

1.      NOW COMES, the Plaintiff, ADONAY LARA (henceforth "Plaintiff"), brings this action against defendant ALLIED INTERSTATE, INC. (henceforth "Allied" or "Defendant"), for improper collection practices in violation of the Fair Debt Collection Practices Act. 15 USC Section 1692, et seq. ("FDCPA", and related supplementary state claims pursuant to Section 9 of the Collection Agency Act) 225 ILCS 425/9), and common law) for the reasons and allegations stated herein, Plaintiff states as follows:

ANSWER: This paragraph requires no answer inasmuch as it is but a preamble of the Plaintiff's cause of action.

## JURISDICTION AND VENUE

2.      The jurisdiction of the Court is invoked as authorized under the FDCPA, 15 USC Section 1692K.(D) and 28 USC Section 1331 and 1337, and supplemental jurisdiction (related or ancillary state law claims) of this action pursuant to under 28 USC 1367(a). Venue is proper in this district under 28 USC Section 1391(b)(1), (2). All parties reside in the same state and/or all

the acts, events and/or omissions giving rise to the claims asserted herein occurred within the Northern District of Illinois.

ANSWER: This defendant admits that the Court has jurisdiction and the venue is proper.

## PARTIES

3.    Plaintiff, ADONAY LARA, is and was at all times relevant hereto, a citizen of the United States, resident of Cook County, Illinois and a "consumer" within the meaning of the FDCPA 15 USC, Section 1692(a)(3) and Collection Agency Act (225 ILCS 425/et seq.). Plaintiff's mailing address is 211 South Clark Street, P.O. Box 1621, Chicago, IL 60690.

ANSWER: This defendant lacks sufficient knowledge to admit or deny the allegations set forth in Paragraph 3 concerning plaintiff's citizenship and residency and therefore demands strict proof thereof. Further answering this defendant admits the remaining allegations.

4.    At all times relevant hereto, defendant's registered agent in the state of Illinois, the following corporation: C T Corporation Systems located at 208 South LaSalle Street, Suite 814 in Chicago, Illinois 60604.

ANSWER: Admit.

5.    At all times relevant hereto, Defendant, ALLIED INTERSTATE, INC., (henceforth "Allied" or "Defendant") is a business corporation or entity that engaged in the collection agency business with its principal place of business (corporate office), located at 12100 N.E. 195th Street, Suite 325, Bothell, Washington 98011. Further, Allied acts as a "debt collector" as defined in FDCPA, 15 USC Section 1692(a)(6), because it regularly uses the mails and other interstate commerce to collect, or attempt to collect, consumer debts in the Northern District of Illinois.

ANSWER:    This defendant denies the allegations contained in this paragraph as specifically alleged.

6.     Further, Allied is licensed as a collection agency under the Illinois Collection Agency Act (225 ILCS 425/et seq.) that for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt.  Further, the Division of Professional Regulation (henceforth "Department"), is the regulatory body for collection agencies in Illinois and according to the Department's records, it has assigned Allied the following Collection Agency License Number:  170-20856, since about 7/27/05 and the same license appeared to be renewed until 5/31/09.

ANSWER:     This defendant denies the allegations contained in this paragraph as specifically alleged.

## FACTS UPON WHICH CLAIMS ARE BASED

7.     The private causes of action further illustrated in the pertinent counts herein, arise mainly from the unlawful collection practices, and extreme and outrageous conduct (see Paragraph 10 through Paragraph 20), engaged in, by Defendants (and its corresponding employees and agents) against Plaintiff, with malicious and willful intent to injure Plaintiff.

ANSWER:     Deny.

8.     At all times relevant hereto, Plaintiff never authorized and/or gave any consent to, Allied and/or its employees, agents, to engage in any collection communication of Plaintiff in reference to any debt.

ANSWER:     This defendant denies the allegations contained in this paragraph as specifically alleged.

9.     At all times relevant hereto, from October of 2001 through November of 2006, Plaintiff repeatedly notified Allied and its employees in writing and orally:

(a)     that Plaintiff (consumer) wishes the debt collector (Allied) to immediately cease any further communication with plaintiff;

(b)       that the collectors were calling Plaintiff at work and/or at his business line, and such communication was prohibited by Plaintiff's employer (that Plaintiff's employer has a corporate policy strictly prohibit (sic) all of its employees or agents including Plaintiff, from receiving any personal collection communication at the business telephone line) 312-719-108)(sic);

(c)       that the time and place were (sic) Allied communicated with Plaintiff, was inconvenient to Plaintiff;

(d)       that the collectors are materially interred (sic) with Plaintiff's employment and causing him to suffer extreme and severe emotional distress, mental anguish, etc.;

(e)       that Plaintiff in exercise of his fundamental rights to privacy, explicitly "consents" to no communication with Plaintiff in connection with the collection of any debt;

(f)       that Plaintiff ordered Allied and its representatives to immediately cease and desist from either calling Plaintiff's business line or otherwise engaging in any communication with Plaintiff in connection with the collection of a debt;

(g)       that Allied and its representative conduct not only violated Section 9 of the Illinois Collection Agency Act (225 ILCS 425/et seq.) but also other state and federal laws, etc.

ANSWER:

This Defendant denies the allegations contained in Paragraph 9, including Subparagraphs (a) through (g) included therein.

10.       From about October of 2001 through December of 2006, Allied and its representatives or collection-agents, while acting within the scope of their employment with Allied, attempted to collect on a debt which Plaintiff (alleged debtor).  Allied with full knowledge that or reasons to know that its conduct was unlawful, continued to individually or collectively, engaeged (sic) in the following (extreme and outrageous) conduct against Plaintiff:

(a)       Engaged in challenged conduct as to constitute harassment of Plaintiff;

(b)      Communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector;

(c)      Communicated with Plaintiff in connection with the collection of a debt at a time or place which was known or should be known to be inconvenient to Plaintiff;

(d)      Engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(e)      Failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade or business name, under which the debt collector was engaging in debt collections and which he or she was legally authorized to use;

(f)      Misrepresented the amount of the claims or debts alleged to be owed by Plaintiff;

(g)      Communicated or threatened to communicate with Plaintiff when the debt collector was informed by Plaintiff to cease and desist from such challenged conduct;

(h)      The collector communicated with Plaintiff when Plaintiff gave no consent to do so;

(i)      Engaged in dishonorable, unethical or unprofessional conduct of a character that deceived, defrauded and harmed Plaintiff.

ANSWER:    This Defendant denies the allegations in Paragraph 10, including Subparagraphs (a) through (i) contained therein.

11.    More in particular, on 11/10/06, at about 1:58 p.m. Allied through its Auto-Collection caled (sic) to contact Plaintiff at his business telephone line.  Further, Allied during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)      communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector (Allied);

(b)      communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)     engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)     Allied failed to disclose to Plaintiff the corporate, partnership or proprietary name, other trade or business name, under which the debt collector (Allied) was engaging in debt collections which it was legally authorized to use;

(e)     engage in dishonorable, unethical or unprofessional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER: This Defendant denies all allegations contained in Paragraph 11, including Subparagraphs (a) through (e) contained therein.

12.     On 11/10/06, at about 2:20 p.m., Allied through its Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line.  Further, Allied during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)     communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)     communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)     engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)     Allied failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade of business name under which the debt collector (Allied) was engaging in debt collections and which it was legally authorized to use;

(e)     engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:    This Defendant denies each and every allegation contained in Paragraph 12, including Subparagraphs (a) through (e) contained therein.

6

13.    On Saturday, 11/11/06, at about 8:11 a.m., Allied through it Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line.  Further, Allied, during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)    communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)    communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)    engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)    Allied failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade of business name under which the debt collector (Allied) was engaging in debt collections and which it was legally authorized to use;

(e)    engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:    This Defendant denies each and every allegation contained in Paragraph 13, including Subparagraphs (a) through (e) contained therein.

14.    On 11/16/06, at about 8:05 a.m. Allied through its through its Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line.  Further, Allied during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)    communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)    communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)      engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)      Allied failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade of business name under which the debt collector (Allied) was engaging in debt collections and which it was legally authorized to use;

(e)      engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:      This Defendant denies each and every allegation contained in Paragraph 14, including Subparagraphs (a) through (e) contained therein.

15.      On 11/19/06, at about 3:01 p.m. Allied through its through its Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line.  Further, Allied during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)      communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)      communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)      engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)      Allied failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade of business name under which the debt collector (Allied) was engaging in debt collections and which it was legally authorized to use;

(e)      engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:     This Defendant denies each and every allegation contained in Paragraph 15, including Subparagraphs (a) through (e) contained therein.

16.     On Saturday, 11/2/06, at about 3:20 p.m. Allied through its through its Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line. Further, Allied during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)     communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)     communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)     engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)     Allied failed to disclose to Plaintiff the corporate, partnership or proprietary name, or other trade of business name under which the debt collector (Allied) was engaging in debt collections and which it was legally authorized to use;

(e)     engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:     Denied.

17.     On Saturday, 11/22/06, at about 10:05 a.m. Allied through its through its Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line. Further, Allied during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)     communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)     communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)     engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)     engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:    This Defendant denies each and every allegation contained in Paragraph 17, including Subparagraphs (a) through (d) contained therein.

18.     On 12/18/06, at about 11:00 a.m. Allied through its through its Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line.  Further, Allied during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)     communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)     communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)     engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)     engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:   This Defendant denies each and every allegation contained in Paragraph 18, including Subparagraphs (a) through (d) contained therein.

19.     On 12/29/06, at about 8:43 a.m. Allied through its through its Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line.  Further, Allied

during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)     communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)     communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)     engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)     engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:     This Defendant denies each and every allegation contained in Paragraph 19, including Subparagraphs (a) through (d) contained therein.

20.     On 12/22/06, at about 2:13 p.m. Allied through its through its Auto-Collection caused a telephone called (sic) to contact Plaintiff at his business telephone line.  Further, Allied during the telephone communication through the Auto-Collection (Allied's pre-recorded message):

(a)     communicated with Plaintiff in connection with the collection of a debt without prior consent of Plaintiff given directly to the debt collector (Allied);

(b)     communicated with Plaintiff in connection with the collection of a debt at a time or place, which was known or should be known to be inconvenient to Plaintiff;

(c)     engaged in conduct which intended to cause and did cause mental or physical distress to Plaintiff;

(d)     engaged in dishonorable, unethical or professional conduct of a character that deceived, defrauded, and harmed Plaintiff, etc.

ANSWER:     This Defendant denies each and every allegation contained in Paragraph 20, including Subparagraphs (a) through (d) contained therein.

21.     At all times relevant hereto, Plaintiff has suffered extreme and severe personal (emotional and physical) injury damages, such as:

(a)     emotional distress;

(b)     mental anguish;

(c)     stress;

(d)     anger;

(e)     embarrassment;

(f)     shame;

(g)     fright;

(h)     worry;

(i)     nausea;

(j)     insomnia or inability to attain sleep;

(k)     (No item listed)

(i)     physical stress;

(k)     loss of concentration

(l)     loss of mental piece, quiet and tranquility, etc. (henceforth, personal injury damages).  Further Plaintiff has also suffered economic damages, such as:

(a)     interruption or interference with Plaintiff's employment;

(b)     interruption or interference with Plaintiff's business, academic and social opportunities;

(c)     loss Plaintiff's (sic) valuable time, etc.  Henceforth "economic damages".

ANSWER:    This Defendant denies each and every allegation contained in Paragraph 21 of Plaintiff's Complaint including Subparagraphs (a) through (l) and Subparagraphs (a) through (c).

22.    As described in more detail above, at all times relevant hereto the proximate cause of Plaintiff's aforesaid suffering personal injury damages and economic damages (see Paragraph 21) is the Defendant's aforesaid extreme and outrageous conduct against Plaintiff, Defendant's willful or malevolent or oppressive intent to injure plaintiff.

ANSWER:    Deny.

## COUNT I

## (FDCPA 15 USC SECTION 1692C., SECTION 1692D, IMPROPER COLLECTION PRACTICES).

23.    Plaintiff incorporates or realleges, any and all pertinent facts or allegations in Paragraph 1 through 22, as if fully set forth herein.

ANSWER:    This Defendant adopts and restates its answers to Paragraphs 1 through 22 as affords answer to Paragraph 23 as if set forth fully herein.

24.    From about 11/10/06 through 12/22/06 Allied through its employees, engaged in conduct that had been made unlawful under Section 1692c(a), (a)(1), (a)(3), (a)(3), (c) and Section 1692d(5), (6), of the FDCPA and 15 USC Section 1692c(a) and Section 1692d(5), and (6) or that violates the sections of the FDCPA.

ANSWER:    Deny.

25.    From about 11/10/06 through 12/22/06, Allied through its employees, engaged in conduct that had been made unlawful under Section 1692c(a), (a)(1), (a)(3), (a)(3), (c) and Section 1692d(5), (6), of the FDCPA and 15 USC Section 1692c(a) and Section 1692d(5), and (6) or that violates the sections of the FDCPA.

ANSWER:    Deny.

26.    For this Court's convenience, Plaintiff has transcribed verbatim, 15 USC Section 1692c(a), (3), of the FDCPA, in pertinent part, as follows:

"(a)    Communication with consumer generally.

With the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt---

(3)    at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving any communication."

ANSWER:    This defendant admits that Plaintiff's partial restatement of 15 USC 1692c is correct.

27.    For this convenience, Plaintiff has transcribed verbatim, 15 USC Section 1692d (5) and (6) of the FDCPA, in pertinent part, as follows:

"A debt collector may not engage in any conduct the natural consequences of which is to harass, oppress or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section.

(5) Cause a telephone to ring or engaging any person in a telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

(6) Except as provided by Section 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity."

ANSWER:    This Defendant admits that Plaintiff's partial restatement of Section 1692d is correct.

28.    From about 11/10/06 through 12/22/06, Allied through its employees, engaged in conduct that violated Section 1692g(a) and 1692d(5), and (6) of the FDCPA (15 USC Section 1692g(a) and Section 1692d).

ANSWER:    Deny.

29.    Allied and its employees knew or should have known that they are prohibited by law from engaging in any of the acts prohibited by 15 USC Section 1692, et seq. of the FDCPA, and which is unlawful practice (sic).

ANSWER:    These Defendants deny the allegations as specifically alleged.

30.    Allied is liability to Plaintiff in any action brought under this Subchapter because the violations were intentional or made in reckless disregard of the law and the rights of the plaintiff and did not resulted (sic) from a bona fide error.  Plaintiff incorporates and realleges any and all pertinent facts of allegations in Paragraph 11 through 20 as if fully set forth herein.

ANSWER:    Deny.

31.    As proximate cause of Allied (sic) and its employees, aforesaid unlawful collection practices or acts, the unlawful conduct, the extreme and outrageous conduct against Plaintiff, Plaintiff has suffered both extreme and severe personal injury damages, and also suffered economic damages.  See Paragraph 21 and 22).

ANSWER:    Denied.

32.    Wherefore, Plaintiff ADONAY LARA, moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTATE, INC. for:

(1)    a declaration or finding that Defendant engaged in "unlawful practices" in violation of the Fair Debt Collection Practices Act, 15 USC Section 1692 et seq.;

(2)    compensatory economic damages in excess of $9,000.00 and/or in the amount later to be determined by the jury;

(3)    compensatory personal injury damages in excess of $27,000.00 and/or in the amount later to be determined by the jury;

(4)    Plaintiff reserves his right to petition for punitive damages as allowed by law;

(5)    statutory damages, litigation expenses, costs of suit, and reasonable attorneys' fees as provided under FDCPA, 15 USC Section 1692k(a);

(6)    such other or further relief to the Plaintiff as this Court may deem just and reasonable.

ANSWER:    This Defendant denies each and ever contained in Paragraph 30 to 32 including all Subparagraphs 1 through 6 contained therein.

## <u>COUNT II</u>

### <u>(FDCPA 15 USC SECTION 1692E., SECTION 1692D.  IMPROPER COLLECTION PRACTICES.</u>

33.    Plaintiff incorporates or realleges, any and all pertinent facts or allegations in Paragraphs 1 through 32, as if fully set forth herein.

ANSWER:    This Defendant adopts and restates its answers to Paragraphs 1 through 32 as and for his answers to Paragraphs 30 and 33 as if set forth fully herein.

34.    On 11/10/06, 11/11/06, 11/16/06, Allied through its employees, engaged in conduct that has been made unlawful under Section 1692e. (11) and (14), of the FDCPA (15 USC Section 1692c)(e) and (11) and (14) or that violates these sections and the FDCPA.

ANSWER:    Deny.

35.    For this Court's convenience, Plaintiff has transcribed verbatim 15 USC Section 1692e(11) and (14), of the FDCPA in pertinent part as follows:

"(e)  A debt collector may not use any false, deceptive or misleading representation or means in connection with the allegation of any debt.  Without limiting the journal of application of the foregoing, the following conduct is a violation of this section:

"(11)  The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, and that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and that the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action."

"(14)  The use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization."

ANSWER:    Deny.

36.    On  11/10/06,  11/11/06,  11/16/06,  Allied  through  its  employees,  engaged  in conduct that violated Section 1692e and Section 1692d of the FDCPA (15 USC Section 1692e) (11) and (14) and Section 1692d.

ANSWER:    Deny.

37.    Allied and its employees knew or should have known, they are prohibited by law from engaging in any of the acts prohibited by 15 USC Section 1692, et seq. of the FDCPA, as each of which is unlawful practice (sic).

ANSWER:    Deny.

38.    Allied is liable to Plaintiff in any action brought under this Subchapter because the violations were intentional or made in reckless disregard to the law and the rights of the Plaintiff and did not resulted (sic) from a bona fide error.  Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in Paragraphs 11 through 14 as if fully set forth herein.

ANSWER:    Deny.

39.    As proximate cause of Allied (sic) and its employees, aforesaid lawful collection practices or acts, the unlawful conduct, the extreme and outrageous conduct against Plaintiff,

Plaintiff has suffered both extreme and severe personal injury damages, and also suffered economic damages. (See Paragraph 20 and Paragraph 21).

ANSWER:    Deny.

40.    Wherefore, Plaintiff ADONAY LARA, moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTATE, INC. for:

(1)    a declaration or finding that Defendant engaged in "unlawful practices" in violation of the Fair Debt Collection Practices Act, 15 USC Section 1692 et seq.;

(2)    compensatory economic damages in excess of $3,000.00 and/or in the amount later to be determined by the jury;

(3)    compensatory personal injury damages in excess of $9,000.00 and/or in the amount later to be determined by the jury;

(4)    Plaintiff reserves his right to petition for punitive damages as allowed by law;

(5)    statutory damages, litigation expenses, costs of suit, and reasonable attorneys' fees as provided under FDCPA, 15 USC Section 1692k(a);

(6)    such other or further relief to the Plaintiff as this Court may deem just and equitable.

ANSWER:    This Defendant denies each and every allegation contained in Paragraph 40 including Paragraphs 1 through 6 contained therein.

## COUNT III

## (FDCPA 15 USC SECTION 1692G.  IMPROPER COLLECTION PRACTICES.

41.    Plaintiff incorporates, or realleges any and all pertinent facts or allegations in Paragraphs 1 through 40, as if fully set forth herein.

ANSWER:    This Defendant adopts and restates its answers to Paragraphs 1 through 40 as and for his answers to Paragraphs 41 as if set forth fully herein.

42.    From about 11/10/06 through 12/22/06, Allied, through its employees, engaged in conduct that has been made unlawful under 1692g(a), (1) through (5) of the FDCPA (15 USC Section 1692g(a), and (1) through (5) or that violates these sections of the FDCPA.

ANSWER:    Deny.

43.    For this Court's convenience, Plaintiff has transcribed verbatim, 15 USC Section 1692g(a), (1) – (5), of the FDCPA, in pertinent part, as follows:

"(a)  Notice of Debt:  Contents.

Within five days after the initial communication with a consumer in connection with the allegations of any debt, a debt collector, shall unless the following information is contained in the initial communication or the consumer has paid the debt, sent consumer a written notice containing:

(1)  the amount of the debt;

(2)  the name of the creditor to whom the debt is owed;

(3)  a statement that unless the consumer, within thirty days after receipt of the notice, dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4)  a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5)  a statement that, upon the consumer's written request within a thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

ANSWER:    This Defendant admits that the statements of Section 1692g is substantially correct.

44.    From and about 11/10/06 through 12/22/06, Allied through its employees, engaged in conduct that violated Section 1692g(a), of the FDCPA (15 USC Section 1692g (a) (1) – (5)).

ANSWER:    Deny.

45.    Allied and its employees knew or should have known, they are prohibited by law from engaging in any of the acts prohibited by 15 USC Section 1692, et seq. of the FDCPA each of which is unlawful practice (sic).

ANSWER:    Deny.

46.    Allied is liable to Plaintiff in any action brought under this Subchapter because the violations were intentional or made in reckless disregard to the law and the rights of the Plaintiff and did not resulted (sic) from a bona fide error.  Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in Paragraphs 11 through 20, as if fully set forth herein.

ANSWER:    Deny

47.    As proximate cause of Allied (sic) and its employees, aforesaid lawful collection practices or acts, the unlawful conduct, the extreme and outrageous conduct against Plaintiff, Plaintiff has suffered both extreme and severe personal injury damages, and also suffered economic damages.  (See Paragraph 20 and Paragraph 21).

ANSWER:    Deny.

48.    Wherefore, Plaintiff ADONAY LARA, moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTATE, INC. for:

(1)    a declaration or finding that Defendant engaged in "unlawful practices" in violation of the Fair Debt Collection Practices Act, 15 USC Section 1692 et seq.;

(2)    compensatory economic damages in excess of $9,000.00 and/or in the amount later to be determined by the jury;

(3)    compensatory personal injury damages in excess of $27,000.00 and/or in the amount later to be determined by the jury;

(4)    Plaintiff reserves his right to petition for punitive damages as allowed by law;

(5)    statutory damages, litigation expenses, costs of suit, and reasonable attorneys' fees as provided under FDCPA, 15 USC Section 1692k(a);

(6)    such other or further relief to the Plaintiff as this Court may deem just and equitable.

ANSWER:    This Defendant denies each and every allegation contained in Paragraph 48 including Paragraphs 1 through 6 contained therein.

## COUNT IV

## SUPPLEMENTAL – COLLECTION AGENCY ACT.

49.    Plaintiff incorporates, or realleges any and all pertinent facts or allegations in Paragraphs 1 through 45, as if fully set forth herein.

ANSWER:    This Defendant adopts and restates its answers to Paragraphs 1 through 45 as and for its answers to Paragraph 49 as if set forth fully herein.

50.    As described in more detail below, pursuant to:  (a) Section 9 of the Collection Agency Act (225 ILCS 425/9): (b) the decision or controlling precedent in _Sherman v. Field Clinic,_ 74 Ill. App. 3d 21, 30, (1st Dist. 1979) and (finding an imply (sic) private cause of action in Section 9 of the Collection Agency Act, and (225 ILCS 425/9)): (c) the decision in _Sawyer Realty Group, Inc. v. Jarvis Corp._, 89 Il. 2d 379, 432 NE 2d 849 (Ill. 1982) (favorably cited to _Sherman_, etc.) Plaintiff brings this private cause of action against Allied for engaging in conduct or collection practices which has been made unlawful under Section 9 of the Collection Agency Act, 225 ILCS 425/9.

ANSWER:    Deny.

51.    The Appellate Court in *Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 30, 392 N.E. 2d 154 (1st Dist. 1979), as held:  "that a private right of action for damages may be found on a violation of Section 9 of the Collection Agency Act" (emphasis added).  *Sherman* 73 Ill. App. 3d at 30.  Further, event the Illinois Supreme Court in *Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill. 2d 379, 432 N.E. 2d 849, 853 (Ill. 1982) as favorably cited to *Sherman* and held:  that the Illinois courts have continually demonstrated a willingness to imply a private remedy where there exists a clear need to effectuate a purpose of an act.  *Kelsay v. Motorola, Inc.,* 74 Ill. 2d 172 (Ill. 1978); *Boyer v. Atchison, Topeka and Santa Fe Ry. Co.*, 38 Ill. 2d 31 (Ill. 1967); *Heingaertenr v. Benjamin Electric Manufacturing Company*, 6 Ill. 2d 152 (Ill. 1955); *Sherman v. Field Clinic,* (1979); 74 Ill. App. 3d 21, 29; *Montague v. George J. London Memorial Hospital*, (1979), 78 Ill. App. 3d 298, 301-03". (Emphasis added).  *Sawyer Realty Group, Inc. v. Jarvis Corp.,* 432 N.E. 2d 849, 853 (Ill. 1982).

ANSWER:    Deny.

52.    Section 10 of the Collection Agency Act (225 ILCS 425/10, provides consumers with an opportunity or option to file an administrative complaint with the Department.  However, in no manner does the Collection Agency Act nor any controlling case law, impose upon any consumer a duty to exhaust any administrative remedy before consumer may elect to take an independent private cause of action against collection agency.

ANSWER:    Deny as specifically alleged.

53.    Allied and its employees knew or should have known, they are prohibited by law from engaging in any of the acts specified in Section 9 of the Act, as each of which is unlawful practice.

ANSWER:    Deny.

54.    Allied and its employees willfully and maliciously or in reckless disregard of the law engaged in conduct made unlawful under the Act.  Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in Paragraph 10 through 20, as if fully set forth herein.

ANSWER:    Deny.

55.    Allied and its willfully or maliciously violated Paragraph (a)(1), (13) (15) (A) (16), (17), (19), (20), (22), (30), (31), of Section 9 of the Act, where a defendant and its agents willfully or maliciously, in part:   (i) communicated with Plaintiff in connection with the collection of a debt without the prior consent of Plaintiff given directly to the debt collector; and (ii) communicated with Plaintiff in connection with the collection of a debt at a time and place which was known or should be know to be inconvenient to Plaintiff); (iii) engaged in conduct which intended to cause and did cause mental and physical distress to Plaintiff; (iv) (sic nothing set forth herein) **(v)** engaged in dishonorable, unethical or unprofessional conduct of a character that deceived, defrauded and harmed Plaintiff, etc.

ANSWER:    Deny.

56.    As a proximate cause of Allied and its employees, aforesaid unlawful collection practices or acts, the unlawful conduct, extreme and outrageous conduct against Plaintiff, Plaintiff has suffered both extreme and severe personal injury damages, and also suffered economic damages and (see Paragraph 21 and Paragraph 22).

ANSWER:    Deny.

57.    Wherefore, Plaintiff ADONAY LARA, moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTATE, INC. and unknown Defendants for:

(1)    a declaration or finding that Defendant engaged in "unlawful practices" in violation of Section 9 of the  Collection Agency Act, (225 ILCS 425/9);

23

(2)     a declaration or finding, that the Defendant engaged in conduct, which the Court finds was intended to cause and did cause extreme severe mental anguish emotional distress to Plaintiff, in violation of Section 9(a)(19) of the Collection Agency Act, (225 ILCS 425/9);

(3)     a recommendation to the Director of the Department to revoke Defendant's collection agency's license in Illinois, as provided by law;

(4)     compensatory economic damages in excess of $9,000.00 and/or the amount to later to be determined by the jury;

(5)     compensatory personal injury damages in excess of $27,000.00 and/or in the amount later to be determined by the jury;

(6)     litigation expenses and costs of suit and reasonable attorneys' fees;

(7)     such other and further relief to Plaintiff as this Court may deem just and equitable.

ANSWER:     This Defendant denies each and every allegation contained in Paragraph 57 including Subparagraph 1 through 7 contained therein.

## COUNT V

## (SUPPLEMENTAL – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

58.     Plaintiff incorporates, or realleges, any and all pertinent facts or allegations in Paragraphs 1 through 56, as if fully set forth herein.

ANSWER:     This Defendant adopts and restates its answers to Paragraphs 1 through 56 as and for its answer to Paragraph 58 as if set forth fully herein.

59.     As described more fully above, Defendants and its employees and/or should have known that their objective(s) were reasonably illegitimate, unlawful and that such conduct would cause Plaintiff to suffer extreme and severe emotional distress, mental anguish, etc.

ANSWER:     Deny.

60.     Defendants and its employees individually or collectively, intended that their conduct would inflict severe and extreme emotional distress, mental anguish or knew there was a

high probability that their conduct would cause severe and extreme emotional distress to Plaintiff.

ANSWER:    Deny.

61.    Defendant's conduct in fact caused severe and extreme emotional distress to Plaintiff.

ANSWER:    Deny.

62.    Defendant's conduct was so outrageous in character and extreme in degree as to go beyond all possible bounds of decency, which cannot be tolerated in a civilized community.

ANSWER:    Deny.

63.    Defendants were awarded (sic) that Plaintiff was particularly susceptible to emotional distress, mental anguished (sic), etc.

ANSWER:    Deny.

64.    Defendants individually and collectively intended to cause, or recklessly disregarded the provability (sic) of causing Plaintiff to suffer both extreme and severe personal injury damages, and also suffered economic damages.  (See Paragraphs 21 and Paragraph 22).

ANSWER:    Deny.

65.    The extreme and/or severe emotional distress, mental anguish, etc. suffered by Plaintiff was and is such that no reasonable person could be expected to endure it.

ANSWER:    Deny.

66.    As a proximate cause of Defendant's and its agents, aforesaid unlawful conduct, extreme and outrageous conduct against Plaintiff, he has suffered both extreme and severe personal injury damages, and also suffered economic damages.  (See Paragraphs 21 and 22).

ANSWER:    Deny.

66.    Wherefore, Plaintiff ADONAY LARA, moves this Honorable Court to enter a judgment in favor of Plaintiff and against Defendant, ALLIED INTERSTATE, INC. and unknown Defendants for:

(1)    the relief prayed in Paragraphs 58 (Subsection 1 – 3) which Plaintiff incorporates or realleges as if fully set forth herein;

(2)    compensatory economic damages in excess of $9,000.00 and/or in the amount later to be determined by the jury;

(3)    compensatory personal injury damages in excess of $27,000.00 and/or in the amount later to be determined by the jury;

(4)    Plaintiff reserves the right to petition for punitive damages as allowed by the law;

(5)    litigation expenses and costs of suit, reasonable attorneys; fees;

(6)    such other further relief to Plaintiff as this Court may deem just and equitable.

ANSWER:    This Defendant denies each and every allegation contained in Paragraph 66 including Subparagraphs 1 through 6 contained therein.

## AFFIRMATIVE DEFENSES

As and for Affirmative Defenses, Defendant Allied Interstate, Inc. alleges as and states to the Court the following:

1.    That any award of statutory damages in this case is limited to a total of $1,000.00 pursuant to the Fair Debt Collection Practices Act under Counts I through III.

2.    That upon information and belief, if any violation of the FDCPA are found, then and in that event, the Defendant is not liability pursuant to 15 USC Section 1692k(c), because such violations were the result of bona fide error or errors, notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors.

3.    That upon information and belief, any violations of the Illinois Collection Agency Act are found, then, and in that event, the Defendant is not liable pursuant to said Act because

the violations were the result of bona fide error or errors, notwithstanding the maintenance of procedures reasonably adapted to avoid any such errors.

4.     That upon information and belief, the Plaintiff may have failed to mitigate any actual damages which he claimed to have sustained.

5.     That one or more of the actions contained in the Plaintiff's Complaint may be barred in whole or in part inasmuch as it was not commenced within the time limited by law.

6.     That there is another action pending between the same parties with respect to Counts IV and V that is pending in the Circuit Court of Cook County under Docket Number 03 L 002447.

WHEREFORE, Defendant Allied Interstate, Inc. demands judgment as follows:

1.     Dismissing the Plaintiff's Complaint on its merits together with the costs of disbursement.

2.     For such other and further relief as this Court may deem just and equitable.

## **JURY DEMAND**

This answering Defendant, Allied Interstate, Inc., hereby demands that this matter be tried by a jury.

Dated this 21st day of March, 2008.

THOMAS & KAMPSEN

By: _____
          Robert S. Phillips
          Attorneys for defendants,
          Allied Interstate, Inc.

THOMAS & KAMPSEN
300 South Riverside Plaza, Suite 2330
Chicago, Illinois  60606
Telephone: (312) 930-5500

## CERTIFICATE OF SERVICE VIA ELECTRONIC FILING

I, Robert S. Phillips, hereby certify that on March 21, 2008, I electronically filed this notice with

the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to

the following:

Adonay Lara
P.O. Box 1621
Chicago, IL 60690

Robert S. Phillips
Attorneys for defendants,
Allied Interstate, Inc.